David A. Tilem (SBN 103825)
LAW OFFICES OF DAVID A. TILEM
206 North Jackson Street, Suite 201
Glendale, California 91206
Tel: 888-257-7648 * 818-507-6000
     Fax: 818-507-6800
DavidTilem@TilemLaw.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**DANA HOLLISTER,**<br><br>          Debtor.<br>_____<br><br>**DANA HOLLISTER,,**<br><br>          Plaintiff,<br><br>     vs.<br><br>**BOBS LLC,**<br><br>          Defendant.<br>_____ | **Case No. 2:18-bk-12429-NB**<br><br>Chapter 11<br><br>**Adv.Case No. 1:21-ap-      -NB**<br><br>**COMPLAINT FOR DECLARATORY RELIEF ALLOWING CLAIM 32 FILED BY BOBS LLC AS AN UNSECURED CLAIM IN THE AMOUNT OF $1 MILLION** |

Plaintiff alleges and states as follows:

                    **I.**

                **THE PARTIES**

     1.   DANA HOLLISTER ("Plaintiff" or "Hollister") is the debtor and debtor-in- possession in the above-referenced Chapter 11 case.

     2.   BOBS LLC ("Bobs") is a limited liability company formed under the laws of the State of Nevada on June 15, 2016.  A true and correct copy of the Articles of Organization is attached as Exhibit "A".

1    3.    On June 7, 2018 Bobs filed an application with the

2    California Secretary of State to register Bobs as a foreign limited

3    liability company.  The application was signed on behalf of Bobs by

4    Rommy Shy as it's "California Agent".  A true and correct copy of

5    the application is attached as Exhibit "B".

6        4.    On August 27, 2018 Bobs filed a Statement of Information

7    with the California Secretary of State reflecting that Rommy Shy is

8    the sole Member or Manager and also its Agent for Service of

9    Process.  A true and correct copy of the application is attached as

10   Exhibit "C".

11       5.    SPRING7 LOFT, LLC ("Spring7") was a limited liability

12   company formed under the laws of the State of California on October

13   27, 2010.  The Articles identify Barry Shy as the Agent for Service

14   of Process.  A true and correct copy of the Limited Liability

15   Articles of Organization is attached as Exhibit "D".

16       6.    On June 16, 2016 Spring7 filed a Statement of Information

17   with the California Secretary of State reflecting that an

18   individual named Yaniv Abiner is its sole Member or Manager and

19   also its Agent for Service of Process.  A true and correct copy of

20   the application is attached as Exhibit "E".

21       7.    On September 27, 2017, Spring7 filed two documents with

22   the California Secretary of State.  The first was a Certificate of

23   Cancellation.  The second was a Certificate of Dissolution.  Both

24   documents are executed on behalf of Spring7 by Rommy Shy.  True and

25   correct copies of these documents are attached as Exhibits "F" and

26   "G".

27       8.    Barry Shy is the father of Rommy Shy.

28       9.    Plaintiff is informed and believes that Yaniv Abner is

1  the cousin of Barry Shy and the uncle of Rommy Shy.

2                              **II.**

3                    **JURISDICTION AND VENUE**

4      10.   This Court has jurisdiction over the within action

5  pursuant to 28 U.S.C. §§157(b)(1), 1334(a) and the Order of

6  reference from the United States District Court for the Central

7  District of California.

8      11.   This Complaint seeks relief under Rule 7001(2) of the

9  Federal Rules of Bankruptcy Procedure ("FRBP") to determine the

10  validity, priority, or extent of a lien or other interest in

11  property" and to determine the amount of a claim filed against the

12  Estate.

13     12.   This is a core proceeding as that term is used in 28

14  U.S.C. §157(b)(1) pursuant to 28 U.S.C. §157(b)(2)(B), (C), (K) and

15  (O).

16     13.   Regardless of whether this action is ultimately deemed

17  core or non-core, Plaintiff consents to the entry of a final Order

18  and/or the entry of a final Judgment by the Bankruptcy Court.

19     14.   Venue is proper with this Court pursuant to 28 U.S.C.

20  §1409(a).

21                             **III.**

22       **ROMMY SHY, BARRY SHY, YANIV ABINER, BOBS LLC**

23     **AND SPRING7 ARE INSIDERS, AFFILIATES OR ALTER EGOS**

24     15.   Whether due to their familiar relationship or their

25  ownership and control over Bobs and Spring7, Hollister is informed

26  and believes, and thereon alleges that Barry Shy, Rommy Shy, Yaniv

27  Abiner, Bobs LLC and Spring7 Loft LLC are insiders or affiliates of

28  each other (hereafter referred to as the "Shy Family").

16. Hollister is informed and believes, and thereon alleges that Bobs and Spring7 are or were at all times relevant the alter egos of Rommy Shy.

**IV.**

**BACKGROUND**

17. This Chapter 11 case was filed with a voluntary petition on March 6, 2018 by Hollister.

18. Hollister (and hence her bankruptcy estate) is the owner of certain real property located at 1923 Micheltorena Street, Los Angeles, CA 90039 ("The Paramour").

19. At the inception of the case, Hollister was also the sole Member of Oh Happy Day, LLC, an entity which owned certain vacant and undeveloped real property located in Los Angeles, CA 90027 (the "Roble Vista Property").

20. Pursuant to an Order of the Court entered September 5, 2018 (Dkt. #611), Hollister as the sole member of Oh Happy Day, LLC executed a Grant Deed transferring the Roble Vista Property from Oh Happy Day, LLC to herself. The Grant Deed was recorded October 16, 2018 as instrument number 20181050723. As a result, this estate is also currently the owner of the Roble Vista Property.

21. On August 24, 2018 Bobs LLC filed a Proof of Claim which was assigned claim number 32 ("Original POC #32"). A copy of Original POC #32 is attached as Exhibit "H".

22. On September 4, 2019, Bobs LLC filed an amended Proof of Claim ("Amended POC #32"). A copy of Amended POC #32 is attached as Exhibit "I".

23. Bobs LLC also filed a Proof of Claim in this case which was assigned claim number 33 ("Original POC #33").

1    24.   On September 4, 2019, Bobs LLC filed an amended Proof of

2  Claim ("Amended POC #33").   A true and correct copy of Amended POC

3  #33 is attached as Exhibit "J".

4                                (CLAIM #33)

5    25.   Amended POC #33 asserts a claim against the estate of $8

6  million plus interest, late fees and other changes ("Loan 1"). Loan

7  1 originated in 2014 when the Spring7 lent the sum of $3.9 million

8  to the Hollister.

9    26.   Amended POC #33 has various exhibits including a Deed of

10 Trust (Exhibit 2) which purports to create a lien on The Paramour

11 ("The Paramour Deed of Trust"), and a Deed of Trust (Exhibit 10)

12 which purports to create a lien on the Roble Vista Property (the

13 "Roble Vista Deed of Trust").

14   27.   Each of the Deeds of Trust attached to Amended POC #33

15 contains the following identical language:

16     **"19. Future Advances.** Upon request of Borrower, Lender,
       at Lender's option prior to full reconveyance of the
17     Property by Trustee to Borrower, may make Future Advances
       to Borrower.  Such advances with interest thereon shall
18     be secured by this Deed of Trust when evidenced by
       promissory notes stating that said notes are secured
19     hereby."

20   28.   Pursuant to this provision, Bobs made three Future

21 Advances: first from $3.9 million to $4.9 million, then from $4.9

22 million to $5.9 million and finally from $5.9 million to $8.0

23 million.

24   29.   In connection with each Future Advance, Debtor was asked

25 to sign, and did sign, two documents: one entitled "Loan

26 Modification Agreement" and the other entitled "Payment Guaranty".

27 The Loan Modification Agreements were each contemporaneously

28 recorded with the Los Angeles County Recorder.

1    30.   The estimated amount due on Loan 1 is now approximately

2  $11 million.   Bobs LLC contends that Loan 1 is secured by The

3  Paramour and the Roble Vista Property.

4                              (CLAIM #32)

5    31.   Original POC #32 asserted a general unsecured claim for

6  $1,110,000 ("Loan 2") based on a document attached to the Proof of

7  Claim entitled "Note Secured by a Deed of Trust" dated March 31,

8  2017 .   A copy of this document (hereafter the "Loan 2 Note") is

9  attached as an Exhibit to Original POC #32.

10    32.   The text of the Loan 2 Note reflects or contains the

11  following:

12              a.   It is dated March 31, 2017.

13              b.   It references The Paramour and the Roble Vista

14                   Property.

15              c.   It references a "principal" of $1,000,000.00 - Par.

16                   1.

17              d.   It references "04/01/17" as the date on which

18        interest begins to accrue - Par. 2.

19              e.   It provides for interest only payments to be made

20        monthly - Par. 3.

21              f.   It provides for a "Balloon payment due March 1,

22        2017" (sic) of $1,100,000 - Par. 3.

23              g.   It provides for "Due Date" of "03/01/2018".

24              h.   It provides for an interest rate of 12.00% - Par. 3.

25              i.   It provides for 10 day late fees of 10% of any

26        overdue payment amount - Par. 4(A).

27              j.   It provides for default interest at the note rate

28        plus 5%, i.e. 17% - Par. 4(D).

k.   It provides for "a Deed of Trust (the 'Security Instrument') with a Due-on-Transfer Clause dated the same date of this Note", but makes no reference to The Paramour Deed of Trust or the Roble Vista Deed of Trust.

33.   On September 4, 2019, Bobs LLC filed Amended POC #32 asserts, for the first time that Loan 2 is also secured by The Paramour and the Roble Vista Property.

34.   Amended POC #32 also contends that the amount of Loan 2, as of September 3, 2019, is not less than $1,421,355 - an amount which includes post-petition interest, attorney fees and other fees and charges.

**V.**

**FIRST CLAIM FOR RELIEF**

(**LOAN 2 WAS NOT INTENDED TO BE SECURED**)

35.   Plaintiff hereby incorporates by this reference all preceding paragraphs.

36.   While the Loan 2 Note does reference The Paramour and the Roble Vista Property, it does not reference The Paramour Deed of Trust or the Roble Vista Deed of Trust.

37.   The Loan 2 Note recites that it is secured by a Deed of Trust of even date, but no such Deed of Trust exists.

38.   Having made three prior advances under the The Paramour Deed of Trust, the Shy Family (and Rommy Shy in particular) was aware of, and experienced in how to make advances which would be secured by The Paramour Deed of Trust or the Roble Vista Deed of Trust.

39.   The Amended POC #32 includes no evidence of any "agreement" with Hollister, whether verbal or written, to the

1  effect that Loan 2 would be secured.

2      40.   Hollister and Bobs did not intend that Loan 2 be secured.

3      41.   After Hollister filed her bankruptcy petition, the Shy

4  Family presented Hollister with a Deed of Trust to secure Loan 2

5  which she refused to execute.

6                                **VI.**

7                      **SECOND CLAIM FOR RELIEF**

8                  (**ANY UN-PERFECTED LIEN MAY BE AVOIDED**)

9      42.   Plaintiff hereby incorporates by this reference all

10  preceding paragraphs.

11      43.   Whatever the intentions of the parties may have been and

12  despite language in the Loan 2 Note referencing a Deed of Trust,

13  there is no such document.  The only formal documentation regarding

14  Loan 2 is the Loan 2 Note itself.

15      44.   Pursuant to Bankruptcy Code §544,

16      (a) The trustee shall have, as of the commencement of the
       case, and without regard to any knowledge of the trustee
17      or of any creditor, the rights and powers of, or may
       avoid any transfer of property of the debtor or any
18      obligation incurred by the debtor that is voidable by—

19             (3) a bona fide purchaser of real property, other
                than fixtures, from the debtor, against whom applicable
20             law permits such transfer to be perfected, that obtains
                the status of a bona fide purchaser and has perfected
21             such transfer at the time of the commencement of the
                case, whether or not such a purchaser exists.

22

23      45.   As a debtor-in-possession, Hollister is entitled to the

24  same rights and powers as a Trustee, 11 U.S.C. §1107(a).

25  / / /

26  / / /

27  / / /

28  / / /

## VII.

### THIRD CLAIM FOR RELIEF

#### (USURY)

46.   Plaintiff hereby incorporates by this reference all preceding paragraphs.

47.   Loan 2 is loan of money by which Bobs let the sum of $1 million to Hollister with an expectation of repayment.

48.   The interest rate stated on the Loan 2 Note is in excess of the maximum rate of interest permitted by law.

49.   Bobs intended to seek interest at the rate specified in the Loan 2 Note.

**WHEREFORE: Hollister prays as follows:**

1.   For an Order declaring that Amended POC #32 is not secured.

2.   For an Order declaring that the interest provision of Loan 2 Note is void.

3.   For an Order allowing Claim #32 as a general unsecured claim in the sum of $1 million.

4.   For such other and further relief as the Court deems appropriate.

Dated: August 19, 2021                    LAW OFFICES OF DAVID A. TILEM

                                          By: _____
                                              David A. Tilem, Attorneys
                                              for Dana Hollister

# Exhibit "A"

Exhibit "A"

## FILING HISTORY

### ENTITY INFORMATION

**Entity Name:**

BOBS LLC

**Entity Number:**

E0269962016-9

**Entity Type:**

Domestic Limited-Liability Company (86)

**Entity Status:**

Active

**Formation Date:**

06/15/2016

**NV Business ID:**

NV20161352963

**Termination Date:**

Perpetual

**Annual Report Due Date:**

6/30/2021

**Series LLC:**

☐

**Restricted LLC:**

☐

**0011**

## FILING HISTORY DETAILS

| File Date | Effective Date | Filing Number | Document Type | Amendment Type | Source | View |
|-----------|----------------|---------------|---------------|----------------|--------|------|
| 05/02/2020 | 05/02/2020 | 20200638865 | Annual List | | External | 📷 |
| 04/01/2019 | 04/01/2019 | 20190143151-57 | Annual List | | External | 📷 |
| 06/26/2018 | 06/26/2018 | 20180286055-87 | Merge In | | Internal | 📷 |
| 06/04/2018 | 06/04/2018 | 20180254430-69 | Annual List | | Internal | 📷 |
| 08/04/2017 | 08/04/2017 | 20170336426-24 | Annual List | | External | 📷 |
| 07/31/2016 | 07/31/2016 | 20160340442-96 | Initial List | | External | 📷 |
| 06/15/2016 | 06/15/2016 | 20160269166-29 | Articles of Organization | | External | 📷 |

**Page 1 of 1, records 1 to 7 of 7**

Back        Return to Search        Return to Results

**0012**

# Exhibit "B"

Exhibit "B"

| | |
|---|---|
| **Secretary of State**<br>**Application to Register a Foreign Limited**<br>**Liability Company (LLC)** | **LLC-5** |

**IMPORTANT — Read Instructions before completing this form.**

Must be submitted with a current Certificate of Good Standing issued by the government agency where the LLC was formed. See Instructions.

**Filing Fee** — **$70.00**

**Copy Fees** — First page $1.00; each attachment page $0.50;<br>Certification Fee - $5.00

*Note:* Registered LLCs in California may have to pay minimum $800 tax to the California Franchise Tax Board each year. For more information, go to https://www.ftb.ca.gov.

**2 0 1 8 1 6 3 1 0 7 9 2**

**FILED** P51
Secretary of State
State of California

**JUN 07 2018**

This Space For Office Use Only

**1a. LLC Name** (Enter the exact name of the LLC as listed on your attached Certificate of Good Standing.)

BOBS LLC

**1b. California Alternate Name, If Required** (See Instructions – Only enter an alternate name if the LLC name in 1a not available in California.)

**2.   LLC History** (See Instructions – Ensure that the formation date and jurisdiction match the attached Certificate of Good Standing.)

| **a. Date LLC was formed in home jurisdiction** (MM/DD/YYYY) | **b. Jurisdiction** (State, foreign country or place where this LLC is formed.) |
|---|---|
| 06 / 15 / 2016 | Nevada |

**c. Authority Statement** (Do not alter Authority Statement.)

This LLC currently has powers and privileges to conduct business in the state, foreign country or place entered in Item 2b.

**3.   Business Addresses** (Enter the **complete** business addresses. Items 3a and 3b cannot be a P.O. Box or "in care of" an individual or entity.)

| a. Street Address of Principal Executive Office - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 7525 Avalon Bay St. | Las Vegas | NV | 89139 |
| b. Street Address of Principal Office in California, if any - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
| 600 S. Spring St. #106 | Los Angeles | CA | 90014 |
| c. Mailing Address of Principal Executive Office, if different than item 3a | City (no abbreviations) | State | Zip Code |
| | | | |

**4.   Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 4a and 4b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Rommy S | | Shy | |
| b. Street Address (if agent is **not** a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
| 600 S. Spring St. #106 | Los Angeles | CA | 90014 |

**CORPORATION** – Complete Item 4c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 4a or 4b

**5.   Read and Sign Below** (See Instructions.  Title not required.)

I am authorized to sign on behalf of the foreign LLC.

Signature

Rommy Shy
Type or Print Name

LLC-5 (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

0014

# SECRETARY OF STATE



STATE OF NEVADA

## CERTIFICATE OF EXISTENCE
## WITH STATUS IN GOOD STANDING

I, Barbara K. Cegavske, the duly elected and qualified Nevada Secretary of State, do hereby certify that I am, by the laws of said State, the custodian of the records relating to filings by corporations, non-profit corporations, corporation soles, limited-liability companies, limited partnerships, limited-liability partnerships and business trusts pursuant to Title 7 of the Nevada Revised Statutes which are either presently in a status of good standing or were in good standing for a time period subsequent of 1976 and am the proper officer to execute this certificate.

I further certify that the records of the Nevada Secretary of State, at the date of this certificate, evidence, **BOBS LLC**, as a limited liability company duly organized under the laws of Nevada and existing under and by virtue of the laws of the State of Nevada since June 15, 2016, and is in good standing in this state.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on June 3, 2018.

Barbara K. Cegavske
Secretary of State

Electronic Certificate
Certificate Number: C20180603-0180

# Exhibit "C"

Exhibit "C"

**LLC-12**

18-C89268

## Secretary of State
## Statement of Information
(Limited Liability Company)

**FILED**

In the office of the Secretary of State
of the State of California

**AUG 27, 2018**

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**This Space For Office Use Only**

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

BOBS LLC

| 2. 12-Digit Secretary of State File Number | 3. State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 201816310792 | NEVADA |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>600 S. SPRING ST. #106 | LOS ANGELES | CA | 90014 |
| b. Mailing Address of LLC, if different than item 4a<br>600 S. SPRING ST. #106 | LOS ANGELES | CA | 90014 |
| c. Street Address of California Office, if Item 4a is not in California - Do not list a P.O. Box<br>600 S. SPRING ST. #106 | LOS ANGELES | CA | 90014 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name and address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| ROMMY | | SHY | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 600 S. SPRING ST. #106 | LOS ANGELES | CA | 90014 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| ROMMY | | SHY | |

| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 600 S. SPRING ST. #106 | LOS ANGELES | CA | 90014 |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company

Real Estate

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 08/27/2018 | ROMMY SHY | Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

LLC-12 (REV 01/2017)

Page 1 of 1

2017 California Secretary of State
www.sos.ca.gov/business/be

# Exhibit "D"

Exhibit "D"

2 0 1 0 3 4 5 1 0 2 9 4



## State of California
### Secretary of State

LLC-1  File # _____

### Limited Liability Company
### Articles of Organization

**FILED**
In the office of the Secretary of State
of the State of California

**OCT 27 2010**

A **$70.00 filing fee** must accompany this form.

**Important – Read instructions** before completing this form.

. This Space For Filing Use Only

---

**Entity Name** (End the name with the words "Limited Liability Company," the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1.  NAME OF LIMITED LIABILITY COMPANY

Spring7 Loft, LLC

---

**Purpose** (The following statement is required by statute and should not be altered.)

2.  THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

---

**Initial Agent for Service of Process** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3.  NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

Barry Shy

4.  IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA    CITY        STATE    ZIP CODE

312 W. 5th St. unit #office          Los Angeles    CA    90013

---

**Management** (Check only one)

5.  THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

[✓] ONE MANAGER

[ ] MORE THAN ONE MANAGER

[ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

---

**Additional Information**

6.  ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

---

**Execution**

7.  I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

10/22/2010
_____
DATE

_____
SIGNATURE OF ORGANIZER

Yaniv Abiner
_____
TYPE OR PRINT NAME OF ORGANIZER

---

LLC-1 (REV 04/2010)                    APPROVED BY SECRETARY OF STATE

# Exhibit "E"

Exhibit "E"

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

**LLC-12**

**FILED**
Secretary of State
State of California

**JUN 16 2016**

This Space For Office Use Only

130
SI

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee - $20.00**

Copy Fees - Face Page $1.00 & .50 for each attachment page,
Certification Fee - $5.00

**1.    Limited Liability Company Name**

Spring7 Loft, LLC

**2.    12-Digit Secretary of State File Number**

201034510294

**3.    State or Place of Organization** (only if formed outside of California)

**4.    Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>600 S. Spring St. Unit #office | Los Angeles | CA | 90014 |
| b. Mailing Address of LLC, if different than item 4a | City (no abbreviations) | State | Zip Code |
| c. Street Address of **California Office**, if Item 4a is not in California - Do not list a P.O. Box<br>600 S. Spring St. Unit #office | City (no abbreviations)<br>Los Angeles | State<br>CA | Zip Code<br>90014 |

**5.    Manager(s) or Member(s)**    If no *managers* have been appointed or elected, provide the name and address of each *member*. At least one name and address must be listed. Attach additional pages, if necessary.

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Yaniv | | Abiner | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 600 S. Spring St. Unit Office | Los Angeles | CA | 90014 |

**6.    Agent for Service of Process**    Item 6a and 6b: If the agent is an **individual**, the agent must reside in California and Item 6a and 6b must be completed with the agent's name and California address. **Item 6c:** If the agent is a California Registered **Corporate Agent**, a current agent registration certificate must be on file with the California Secretary of State and Item 6c must be completed (leave Item 6a-6b blank).

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Yaniv | | Abiner | |

| b. Street Address (if agent is **not** a corporation) - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 600 S. Spring St. unit office | Los Angeles | CA | 90014 |

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

**7.    Type of Business**

a. Describe the type of business or services of the Limited Liability Company

Real Estate Investment

**8.    Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9.    The information contained herein, including any attachments, is true and correct.**

| 6/14/2016 | Yaniv Abiner | Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

| Name: | |
|---|---|
| Company: | Spring7 Loft, LLC |
| Address: | 600 S. Spring St. unit #Office |
| City/State/Zip: | Los Angeles, CA. 90014 |

LLC-12 (REV 05/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

0021

# Exhibit "F"

Exhibit "F"

LLC-4/7

**Secretary of State**
**Certificate of Cancellation**
**Limited Liability Company (LLC)**

*c&w*

**FILED**
Secretary of State
State of California

**SEP 27 2017**

**IMPORTANT — Read Instructions before completing this form.**

There is **No Fee** for filing a Certificate of Cancellation

**Copy Fees** – First page $1.00; each attachment page $0.50;
     Certification Fee - $5.00 plus copy fees

**This Space For Office Use Only**

| | |
|---|---|
| 1. **Limited Liability Company Name** (Enter the exact name of the LLC as it is recorded with the California Secretary of State)<br><br>Spring 7 Loft LLC | 2. **12-Digit Secretary of State File Number**<br><br>201034510294 |

3. **Dissolution** (California LLCs ONLY: Check the box if the vote to dissolve was made by the vote of **ALL** the members.)

[✓] The dissolution was made by a vote of **ALL** of the members of the California Limited Liability Company.

   **Note**: If the above box is not checked, a **Certificate of Dissolution** (Form LLC-3) must be filed prior to or together with this Certificate of Cancellation. (California Corporations Code section 17707.08(a).)

4. **Tax Liability Statement** (Do not alter the Tax Liability Statement.)

All final returns required under the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

5. **Cancellation Statement** (Do not alter the Cancellation Statement.)

Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its powers, rights and privileges will cease in California.

6. **Read and Sign Below** (See instructions for signature requirements. Do not use a computer generated signature.)

By signing this document, I certify that the information is true and that I am authorized by California law to sign.

| | |
|---|---|
| _____<br>Signature | Rommy Shy<br>Type or Print Name |
| _____<br>Signature | _____<br>Type or Print Name |
| _____<br>Signature | _____<br>Type or Print Name |

# Exhibit "G"

Exhibit "G"

## Secretary of State
## Certificate of Dissolution
## Limited Liability Company (LLC)
(California LLC ONLY)

**LLC-3**

**FILED**
Secretary of State
State of California

**SEP 2 7 2017**

**IMPORTANT — Read Instructions before completing this form.**

There is **No Fee** for filing a Certificate of Dissolution

**Copy Fees —** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

This Space For Office Use Only

| 1. **Limited Liability Company Name** (Enter the exact name of the LLC as it is recorded with the California Secretary of State) | 2. **12-Digit Secretary of State File Number** |
|---|---|
| Spring 7 Loft LLC | 201034510294 |

3. **Dissolution**   (Check the applicable statement. This Form LLC-3 is not required when the vote to dissolve was made by all of the members and that fact is noted on the Certificate of Cancellation (Form LLC-4/7).)

The dissolution of this LLC was caused by one of the following circumstances (**check one**):

☐ The happening of an event as set forth in the Articles of Organization or in the LLC's written Operating Agreement.

☑ The vote of 50 percent or more of the voting interests of the members of the LLC or a greater percentage of the voting interests of members as specified in the Articles of Organization or written Operating Agreement.

☐ The passage of 90 consecutive days during which the LLC has no members, except on the death of a natural person who is the sole member of the LLC, the status of the member, including a membership interest, may pass to the heirs, successors and assigns of the member by will or applicable law.

☐ The entry of a decree of judicial dissolution pursuant to California Corporations Code section 17707.03.

The Certificate of Dissolution puts all on notice that the LLC has elected to wind up the business of the LLC and is in the process of paying liabilities and distributing assets. In order to terminate the LLC, the LLC also **must file a Certificate of Cancellation (Form LLC-4/7).**

4. **Read and Sign Below** (**See instructions** for signature requirements. Do not use a computer generated signature.)

By signing this document, I certify that the information is true and that I am authorized by California law to sign.

_____
Signature

Rommy Shy
Type or Print Name

_____
Signature

_____
Type or Print Name

# Exhibit "H"

Exhibit "H"

| **Fill in this information to identify the case:** |
|---|

Debtor 1    Dana Hollister

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number    2:18-bk-12429-NB

## Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

Bobs, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| c/o Law Office of David I. Brownstein<br>Name | Name |
| PO Box 16474<br>Number    Street | Number    Street |
| Irvine    CA    92623<br>City    State    ZIP Code | City    State    ZIP Code |
| Contact phone  (949) 486-4404 | Contact phone _____ |
| Contact email  david@brownsteinfirm.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____
Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

Official Form 410                          **Proof of Claim**                        page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____ 1,110,000.00 . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**0028**
page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   08/24/2018
                   MM / DD / YYYY

/s/ David I. Brownstein
      Signature

**Print the name of the person who is completing and signing this claim:**

| Name | David I. Brownstein | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney for creditor | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | PO Box 16474 | | |
| | Number       Street | | |
| | Irvine | CA | 92614 |
| | City | State | ZIP Code |
| Contact phone | (949) 486-4404 | Email | david@brownsteinfirm.com |



| Print | Save As... | Add Attachment | | Reset |
|---|---|---|---|---|

In re Dana Hollister
Case No. 2:18-bk-12429-NB
Attachment to Bobs, LLC Proof of Claim

Principal Amount                    $1,000,000.00
As of Petition Date 3/6/2018
Principal                           $1,000,000.00
Accrued Interest                     $110,000.00

Claimant reserves the right to amend, add to, or supplement this proof of claim for any purpose or reason, including with limitation, in the event that an objection to this claim is filed, to file additional proofs of claim, including, without limitation to reflect additional or revised amounts owing by the Debtor, and/or to assert any additional rights of security, including, but not limited to, setoff that Claimant may have.

LIST OF DOCUMENTS ATTACHED:
Promissory Note

**0030**

# NOTE SECURED BY A DEED OF TRUST

Date: **03/31/2017**                                        Calabasas, California

**1923 Micheltorena Street Los Angeles CA 90039; Vacant Land Los Angeles CA 90027** (OH HAPPY DAY LLC)
Property Address
A.P.N.: 5429-030-021 & 5429-030-010;   5434-012-006; 5434-012-007 AND 5434-012-009

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$1,000,000.00** (this amount will be called "principal"), plus interest, to the order of **BOBS LLC, a Member-managed Nevada single member limited liability company as to an undivided 100.000% interest** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **04/01/2017**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are  ☑ Interest Only   ☐ Fully Amortized   ☐ Other
I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 1 | Balloon payment due March 1, 2017 | 12.00% | $1,110,000.00 |
|  |  |  |  |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **03/01/2018** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **BOBS LLC, 600 S. Spring St. Unit Office Los Angeles CA 90014**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$1,000.00**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than **10** days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**(D) Remedy in Event of Default.** Upon the occurrence of an Event of Default, the entire balance of principal, together with all accrued interest, shall, at the option of the Lender, without demand or notice, immediately become due and payable. Upon the occurrence of an Event of Default (and for a period of no less than 6 months after such Event of Default may be remedied), the entire balance of principal, together with all accrued interest thereon, shall bear interest at the note rate plus **five percent (5.000%)** the ("Default Rate"). No delay or omission on the part of the Lender in exercising any right under this Note or under any of the Loan Documents shall operate as a waiver of such right.

The occurrence of (but not limited to) any of the following shall be deemed to be an event of default ("Event of Default") hereunder:
a) Default in the payment of principal or interest when due pursuant to the terms hereof; or
b) The occurrence of an Event of Default under the Deed of Trust or other agreement (including any amendment, modification or extension thereof) now or hereafter evidencing or securing this Note (all such documents, together with this Note, constituting the "Loan Documents").
c) A violation of any provisions of the Deed of Trust or other agreement (including any amendment, modification or extension thereof) now or hereafter evidencing or securing ANY Note (all such documents, together with this Note, constituting the "Loan Documents") on ANY property secured by this Lender.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **No prepayment penalty (you will not be charged a penalty to pay off or refinance the loan before maturity).**

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for less than the encumbrances for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

On Happy Day, LLC, a California Limited Liability Company

| | | |
|---|---|---|
| Borrower     **Dana Hollister** | 12/11/17  Date | |
| Borrower     **Dana Hollister, Authorized Signor** | 12/11/17  Date | |

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: 12/11/17

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:

~~all beneficial interest under the within Note, without recourse, and Deed of Trust securing same~~

1923 Michelhorna
LA CA 90037

(BU HAPPY
DAY LLC)

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1 Park Plaza, #600 Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): _Proof of Claim of Bobs, LLC_____
_____
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _08/24/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

see attached list

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/24/2018 | David I. Brownstein | /s/ David I. Brownstein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

David I Brownstein on behalf of Interested Party Courtesy NEF
david@brownsteinfirm.com

Leonardo Drubach on behalf of Creditor ANEA ENTERPRISES, LLC
leo@9000LAW.COM

Merak E Eskigian on behalf of Interested Party Courtesy NEF
meskigian@gmlawplc.net, mgoshgarian@gmlawplc.net,mnewman@gmlawplc.net

Merak E Eskigian on behalf of Interested Party Pierre Cassanova
meskigian@gmlawplc.net, mgoshgarian@gmlawplc.net,mnewman@gmlawplc.net

Sandford L. Frey on behalf of Interested Party Pierre Cassanova
sfrey@leechtishman.com, jabrams@leechtishman.com;skoenig@leechtishman.com

Amir Gamliel on behalf of Creditor Odyssesus Investment Group, LLC
amir-gamliel-9554@ecf.pacerpro.com,
cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;JDerosier@perkinscoie.com

Robert P Goe on behalf of Interested Party The Presbytery of the Pacific
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com,
ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforu
ptcy.com

Merdaud Jafarnia on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Robert Mockler on behalf of Creditor Roman Catholic Archbishop of Los Angeles, a Corporation Sole
rmockler@mckoolsmithhennigan.com, louise-
tamberg-7224@ecf.pacerpro.com,awallace@mckoolsmithhennigan.com,lmorrin@mckoolsmithhennigan.
com,khom@mckoolsmithhennigan.com,sbyrd@mckoolsmithhennigan.com

Robert Mockler on behalf of Creditor The Bird's Nest
rmockler@mckoolsmithhennigan.com, louise-
tamberg-7224@ecf.pacerpro.com,awallace@mckoolsmithhennigan.com,lmorrin@mckoolsmithhennigan.
com,khom@mckoolsmithhennigan.com,sbyrd@mckoolsmithhennigan.com

Robert Mockler on behalf of Creditor The California Institute of The Sisters of The Most Holy and
Immaculate Heart of the Blessed Virgin Mary
rmockler@mckoolsmithhennigan.com, louise-
tamberg-7224@ecf.pacerpro.com,awallace@mckoolsmithhennigan.com,lmorrin@mckoolsmithhennigan.
com,khom@mckoolsmithhennigan.com,sbyrd@mckoolsmithhennigan.com

Randall P Mroczynski on behalf of Creditor TD Auto Finance LLC
randym@cookseylaw.com

David L. Neale on behalf of Creditor Committee Official Committee Of Unsecured Creditors
dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
dln@lnbyb.com

Matthew D Pham on behalf of Interested Party Courtesy NEF
mpham@afrct.com, msinclair@afrct.com;afrctecf@afrct.com

Hamid R Rafatjoo on behalf of Creditor DeeAnna Staats
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

Kelly M Raftery on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

Dean G Rallis, Jr on behalf of Interested Party Courtesy NEF
drallis@afrct.com,
msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com;4727965420@filings.docketbird.com

Lindsey L Smith on behalf of Creditor Committee Levene, Neale, Bender Yoo & Brill LLP
lls@lnbyb.com, lls@ecf.inforuptcy.com

Lindsey L Smith on behalf of Creditor Committee Official Committee Of Unsecured Creditors
lls@lnbyb.com, lls@ecf.inforuptcy.com

Lindsey L Smith on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
lls@lnbyb.com, lls@ecf.inforuptcy.com

Howard Steinberg on behalf of Creditor Roman Catholic Archbishop of Los Angeles, a Corporation Sole
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Creditor The Bird's Nest
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Creditor The California Institute of The Sisters of The Most Holy and Immaculate
Heart of the Blessed Virgin Mary
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Defendant The Bird Nest, LLC
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Plaintiff Roman Catholic Archbishop of Los Angeles
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Plaintiff The Bird Nest, LLC
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Plaintiff The California Institute of the Sisters of the Most Holy and Immaculate
Heart of the Blessed Virgin Mary
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

David A Tilem on behalf of Debtor Dana Hollister
davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ec
f.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;DianaChau@tilemlaw.com;gabrielcruz@tilemlaw.com

David A Tilem on behalf of Plaintiff Dana Hollister
davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ec
f.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;DianaChau@tilemlaw.com;gabrielcruz@tilemlaw.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, dwalker@sulmeyerlaw.com;atippie@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Steven Werth on behalf of Attorney Dean G. Rallis, Jr.
swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inf
oruptcy.com

Steven Werth on behalf of Interested Party Courtesy NEF
swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inf
oruptcy.com

# Exhibit "I"

Exhibit "I"

**Fill in this information to identify the case:**

Debtor 1     Dana Hollister
_____

Debtor 2     _____
(Spouse, if filing)

United States Bankruptcy Court for the:    Central    District of    California
(State)

Case number    2:18-bk-12429-NB
_____

## Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Bobs LLC
_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?    _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Frandzel Robins Bloom & Csato, L.C.
Attention: Gerrick M. Warrington
_____
Name

1000  Wilshire Boulevard, 19th Floor
_____
Number        Street

Los Angeles        California        90017
_____
City                State            ZIP Code

Contact phone    (323) 852-1000

Contact email    gwarrington@frandzel.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**Where should payments to the creditor be sent?** (if different)

Bobs LLC
Attn: Rommy Shy, Manager
_____
Name

600 South Spring Street, Suite 106
_____
Number        Street

Los Angeles        California        90014
_____
City                State            ZIP Code

Contact phone    (213) 290-4328

Contact email    rshy@royaltyrealty.com

**4. Does this claim amend one already filed?**

☐ No
☒ Yes. Claim number on court claims registry (if known)    32-1    Filed on    08/24/2018
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing?    _____

Case 2:13-bk-12425-NB   Claim 32-2   Filed 09/04/15   Desc Main Document   Page 2
Page 40 of 144

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**  $ _____See attachment._____  . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____Money loaned_____

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____Deeds of Trust (*see* Attachment, Exhibits 2 and 3)_____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $ _____TBD_____

**Amount of the claim that is secured:**  $ _____TBD_____

**Amount of the claim that is unsecured:**  $ _____TBD_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $ _____

**Annual Interest Rate** (when case was filed) __17__ % per annum[1]

☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

---

[1] *See* Attachment Exhibit 1, reflecting Note.

3462382.1  |  101181-0002 Official Form 410           **Proof of Claim**                                           page 2



| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)( _____ ) that applies.     $ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/03/2019
                   MM / DD / YYYY

Signature _____

**Print the name of the person who is completing and signing this claim:**

| Name | Rommy | | Shy |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Manager | | |
| Company | Bobs LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 600 | South Spring Street, Suite 106 | |
| | Number | Street | |
| | Los Angeles | California | 90014 |
| | City | State | ZIP Code |
| Contact phone | (213) 290-4328 | Email | rshy@royaltyrealty.com |



## ATTACHMENT TO PROOF OF CLAIM
## of BOBS LLC
### *In re* Dana Hollister (Bankr. C.D. Cal. 2:18-bk-12429-NB)

7.   As of September 3, 2019, the claim of Bobs LLC ("Clamant") is not less than $1,421,355.00, which amount is composed of the following:

   a)   Principal of not less than $1,110,000.00; plus

   b)   Unpaid interest of not less than $283,050.00; plus

   c)   Late charges of not less than $28,305.00; plus

   d)   Attorneys' fees and costs in amounts according to proof; plus

   e)   Interest, late charges, attorneys' fees, and costs accruing after September 3, 2019, in an amount according to proof.

## EXHIBITS

**Exhibit 1 -**   Note Secured by Deed of Trust dated March 31, 2017 ("Note")

**Exhibit 2 -**   Deed of Trust recorded on December 5, 2014, in Official Records Recorder's Office, Los Angeles County, California, instrument number 20141313972, granting Claimant lien on real property located at 1923 Micheltorena Street, Los Angeles, CA 90039 ("Paramour Deed of Trust")

**Exhibit 3 -**   Deed of Trust recorded on February 12, 2016, in Official Records Recorder's Office, Los Angeles County, California, instrument number 20160160767, granting Claimant lien on vacant land located in Los Angeles, CA 90027 (APN: 5434-012-006, 5434-012-007, and 5434-012-009) ("Roble Vista Deed of Trust")

Neither the filing of this Proof of Claim, nor any subsequent appearance, pleading, claim, proof of claim, document, suit, motion, or any other writing or conduct shall be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity, estate or property; (ii) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein or therein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related thereto, notwithstanding the designation of such matters as "core" proceedings pursuant to 28 U.S.C. § 157(b)(2), and whether such right to jury trial is pursuant to statute or the United States Constitution; (iv) a consent by Claimant to a jury trial in this Court or any court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or any other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; (vii) a waiver or release of any right of setoff or recoupment that Claimant may hold against Borrower; or (ix) a waiver or release of any of Claimant's other rights, claims, actions, actions, defenses, or other matters to which Claimant is entitled under any agreements or at law or equity or under the United States Constitution.

# EXHIBIT 1

0043

# NOTE SECURED BY A DEED OF TRUST

Date: 03/31/2017                                                  Calabasas, California

<u>1923 Micheltorena Street Los Angeles CA 90039; Vacant Land Los Angeles CA 90027</u> (OH HAPPY DAY LLC)
Property Address
A.P.N.: 5429-030-021 & 5429-030-010;   5434-012-006; 5434-012-007 AND 5434-012-009

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$1,000,000.00** (this amount will be called "principal"), plus interest, to the order of **BOBS LLC, a Member-managed Nevada single member limited liability company as to an undivided 100.000% interest** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **04/01/2017**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are  ☒ Interest Only   ☐ Fully Amortized   ☐ Other
I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 1 | Balloon payment due March 1, 2017 | 12.00% | $1,110,000.00 |
|  |  |  |  |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **03/01/2018** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **BOBS LLC, 600 S. Spring St. Unit Office Los Angeles CA 90014**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$1,000.00**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than **10** days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**(D) Remedy in Event of Default.** Upon the occurrence of an Event of Default, the entire balance of principal, together with all accrued interest, shall, at the option of the Lender, without demand or notice, immediately become due and payable. Upon the occurrence of an Event of Default (and for a period of no less than 6 months after such Event of Default may be remedied), the entire balance of principal, together with all accrued interest thereon, shall bear interest at the note rate plus **five percent (5.000%)** the ("Default Rate"). No delay or omission on the part of the Lender in exercising any right under this Note or under any of the Loan Documents shall operate as a waiver of such right.

The occurrence of (but not limited to) any of the following shall be deemed to be an event of default ("Event of Default") hereunder:
   a) Default in the payment of principal or interest when due pursuant to the terms hereof; or
   b) The occurrence of an Event of Default under the Deed of Trust or other agreement (including any amendment, modification or extension thereof) now or hereafter evidencing or securing this Note (all such documents, together with this Note, constituting the "Loan Documents").
   c) A violation of any provisions of the Deed of Trust or other agreement (including any amendment, modification or extension thereof) now or hereafter evidencing or securing ANY Note (all such documents, together with this Note, constituting the "Loan Documents") on ANY property secured by this Lender.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **No prepayment penalty (you will not be charged a penalty to pay off or refinance the loan before maturity).**

**6. BORROWER'S WAIVERS**
   I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

**8. THIS NOTE IS SECURED BY A DEED OF TRUST**
In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.
   Some of those conditions are described as follows:

   "Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for less than the encumbrances for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

On Happy Day, LLC, a California Limited Liability Company

| Borrower   Dana Hollister | 12/11/17 | Borrower   Dana Hollister, Authorized Signor | 12/11/17 |
|---|---|---|---|
| | Date | | Date |

0045

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: 12/11/17

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:

all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

1923 Micheltorena
LA CA 90037                    (Oh Happy Day LLC)

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.



# EXHIBIT 2

This page is part of your document - DO NOT DISCARD



## 20141313972



**Pages:**
**0007**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/05/14 AT 08:00AM**

| | |
|---|---|
| FEES: | 58.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 58.00 |



**L E A D S H E E T**



201412050160026

00009917593

006529500

**SEQ:**
**15**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

t60

E359820



## DEED OF TRUST

Loan No. ████2114

This Deed of Trust, made this **25th** day of **November 2014**, among the Trustor, **Dana Hollister, a single woman** (herein "Borrower"), **Spring 7 Loft, LLC** (herein "Trustee"), and the Beneficiary, **Spring7 Loft, LLC, as to an undivided 100.000% interest** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

### GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Los Angeles**, State of California: **Parcel 1:**
**Lot "A" of Tract No. 7606, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 92, Page 62, of Maps, in the Office of the County Recorder of said County.**

**Parcel 2:**
**Lots 85, 86 and 96 of "Crestmont", in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 9, Page 104, of Maps, in the Office of the County Recorder of said County.**

**APN: 5429-030-021, 5429-030-010,** which has the address of **1923 Micheltorena Street Los Angeles CA 90039** (herein "Property Address"); APN: 5429-030-021 & 5429-030-010

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **11/21/2014**, in the principal sum of U.S. **$3,900,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

CDL-112114/Hollister
Page 1 of 6



3

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

4

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), , or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

ODL-112114/Hollistar
Page 3 of 6

**0051**

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder or any other loan document relating to the indebtedness secured hereby, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

ODL-112114/Hollister
Page 4 of 6

6

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

| | 12/2/14 | | |
|---|---|---|---|
| Borrower  Dana Hollister | Date | Borrower | Date |

State of California

County of _Los Angeles_____

On _12/2/2014_____ before me, _Scott Hacker, Notary Public_____

personally appeared _Dana Hollister_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

SCOTT HACKER
Commission # 1921408
Notary Public - California
Los Angeles County
My Comm. Expires Jan 10, 2015

(Seal)

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

OOL-112114/Hollister
Page 5 of 6

**0053**

## REQUEST FOR FULL RECONVEYANCE

    The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____  _____  _____  _____
Signature of Beneficiary (the "LENDER")        Date    Signature of Beneficiary (the "LENDER")        Date


When recorded, mail to

Att: _____

# EXHIBIT 3



This page is part of your document - DO NOT DISCARD

## 20160160767





Pages:
0009

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/12/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 64.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 64.00 |



L E A D S H E E T



201602120140008

00011711363



007378486

SEQ:
24

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

T60

**0056**

FIRST AMERICAN TITLE COMPANY LOS ANGELES

**Recording Requested By**

**When Recorded Mail To**
Spring7 Loft, LLC
600 S. Spring St., Unit Office
Los Angeles  CA  90014

Title Order No.
506 7026

Space above this line for recorder's use

## DEED OF TRUST

Loan No. ████2114a

This Deed of Trust, made this **3rd** day of **February 2016**, among the Trustor, **Oh Happy Day, LLC, a California Limited Liability Company** (herein "Borrower"), **Spring7 Loft, LLC** (herein "Trustee"), and the Beneficiary, **Spring7 Loft, LLC, a California Limited Liability Company as to an undivided 100.000% interest** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

**GRANT IN TRUST**
BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of  Los Angeles, State of California: PARCEL 1:
ALL OF LOT 15 OF TRACT NO. 9780, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 140, PAGE(S) 17, 18 AND 19 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT THEREFROM THAT PORTION OF SAID LOT 15 BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 15; THENCE SOUTH 47° 45' 23" WEST, ALONG THE SOUTHEASTERLY LINE OF SAID LOT, A DISTANT OF 58 FEET TO ANGLE POINT IN SAID SOUTH EASTERLY LINE, SAID ANGLE POINT BEING THE TRUE POINT OF BEGINNING; THENCE SOUTH 89° 30' 03" WEST
ALONG THE SOUTHERLY LINE OF SAID LOT, A DISTANCE OF 76.50 FEET, TO AN ANGLE POINT IN SAID SOUTHERLY LINE, THENCE NORTH 43° 08' 05" WEST ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 70.76 FEET TO THE MOST WESTERLY CORNER OF SAID LOT, SAID WESTERLY LINE BEING A CURVE CONCAVE NORTHWESTERLY AND HAVING A RADIUS OF 63 FEET CONTINUING THROUGH A CENTRAL ANGLE OF 04° 05' 36" AN ARC DISTANCE OF 4.50 FEET, THENCE SOUTH 66° 00' 46" EAST 133.19 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.
PARCEL 2:
ALL OF LOT 16 OF TRACT NO. 9780, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 140, PAGE(S) 17, 18 AND 19 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
PARCEL 3:
THAT PORTION OF LOT 17 OF TRACT NUMBER 9780, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 140 PAGE(S) 17 TO 19 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING SOUTHEASTERLY OF A LINE THAT EXTENDS FROM A POINT IN THE SOUTHWESTERLY LINE OF SAID LOT DISTANT NORTHWESTERLY THEREON 50.00 FEET FROM THE MOST SOUTHERLY CORNER OF SAID LOT, TO A POINT IN THE NORTHEASTERLY THEREON 50.00 FEET FROM THE MOST EASTERLY CORNER OF SAID LOT, which has the address of Vacant Land Los Angeles CA 90027 (herein "Property Address");APN: 5434-012-006 AND 5434-012-007 AND 5434-012-009

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**

(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **11/21/2014**, in the principal sum of U.S. **$8,000,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.



**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance

or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Spring7 Loft, LLC, 600 S. Spring St., Unit Office Los Angeles CA 90014** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest

at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Oh Happy Day, LLC, a California Limited Liability Company

| | | | | |
|---|---|---|---|---|
| Borrower | Dana Hollister, Authorized Signor | Date 2/8/16 | Borrower | Date |

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _LOS ANGELES_

On _FEB. 8. 2016_ before me, _G.E. CLARK · NOTARY PUBLIC_
personally appeared _DANA HOLLISTER_

7

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_G E Clark_____

Signature                                                                 (Seal)



## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____        _____
Signature of Beneficiary (the "LENDER")        Date        Signature of Beneficiary (the "LENDER")        Date


When recorded, mail to

Att: _____

9

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _LOS ANGELES_ } s.s.

On _FEB. 8. 2016_ before me, _G.E.CLARK, NOTARY PUBLIC_
<span style="font-size:smaller">Name of Notary Public, Title</span>

personally appeared _DANA HOLLISTER_
<span style="font-size:smaller">Name of Signer (1)</span>

_____
<span style="font-size:smaller">Name of Signer (2)</span>

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_G E Clark_
<span style="font-size:smaller">Signature of Notary Public</span>

**G. E. CLARK**
COMM. #2043264
NOTARY PUBLIC • CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires OCT 20, 2017

Seal

--- OPTIONAL INFORMATION ---

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____

_DEED OF TRUST_

containing _____ pages, and dated _FEB. 3. 2016_

The signer(s) capacity or authority is/are as:

☐ Individual(s)
☐ Attorney-in-fact
☐ Corporate Officer(s)
   _____ <span style="font-size:smaller">Title(s)</span>

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
<span style="font-size:smaller">Name(s) of Person(s) Entity(ies) Signer is Representing</span>

### Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:

☒ form(s) of identification   ☐ credible witness(es)

Notarial event is detailed in notary journal on:

   Page # _____ Entry # _____

Notary contact: _951 202·7193_

Other

☐ Additional Signer   ☐ Signer(s) Thumbprint(s)
☐ _____

© 2009-2015 Notary Learning Center - All Rights Reserved    You can purchase copies of this form from our web site at www.TheNotarysStore.com

0064

# Exhibit "J"

Exhibit "J"

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
</table>

| | |
|---|---|
| Debtor 1 | Dana Hollister |
| Debtor 2 <br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California (State) |
| Case number | 2:18-bk-12429-NB |

## Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

**1. Who is the current creditor?**

Bobs LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Frandzel Robins Bloom & Csato, L.C.
Attention: Gerrick M. Warrington
Name

1000  Wilshire Boulevard, 19th Floor
Number        Street

Los Angeles        California        90017
City                State                ZIP Code

Contact phone  (323) 852-1000

Contact email  gwarrington@frandzel.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**Where should payments to the creditor be sent?** (if different)

Bobs LLC
Attn: Rommy Shy, Manager
Name

600 South Spring Street, Suite 106
Number        Street

Los Angeles        California        90014
City                State                ZIP Code

Contact phone  (213) 290-4328

Contact email  rshy@royaltyrealty.com

**4. Does this claim amend one already filed?**

☐ No
☒ Yes. Claim number on court claims registry (if known)  33-2   Filed on  10/22/2018
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing?



0066

Case 2:21-cv-01278-NB   Doc 33   Filed 08/19/21   Entered 08/19/21 13:55:32   Desc of
Case 2:18-bk-12429-NB   Claim 33   Filed 09/04/19   Desc Main Document   Page 2 of
Main Document   74 Page 67 of 144

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ 2114 _____

**7. How much is the claim?** $ _____ See attachment. _____ . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** Deeds of Trust (*see* Attachment, Exhibits 2 and 10)

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____ TBD _____

**Amount of the claim that is secured:** $ _____ TBD _____

**Amount of the claim that is unsecured:** $ _____ TBD _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ 12 _____ % per annum[1]

☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

---

[1] *See* Attachment Exhibits 1, 3, 5, and 7, reflecting Note and Modifications thereto.



American LegalNet, Inc.
www.FormsWorkFlow.com

0067

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check one:*

|  | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( _____ ) that applies. | $ _____ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/03/2019
                   MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Rommy | | Shy |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Manager |
|---|---|

| Company | Bobs LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 600 | South Spring Street, Suite 106 |
|---|---|---|
| | Number | Street |

| | Los Angeles | California | 90014 |
|---|---|---|---|
| | City | State | ZIP Code |

| Contact phone | (213) 290-4328 | Email | rshy@royaltyrealty.com |
|---|---|---|---|

---



0068

**ATTACHMENT TO PROOF OF CLAIM**
**of BOBS LLC**
*In re* **Dana Hollister (Bankr. C.D. Cal. 2:18-bk-12429-NB)**

7.       As of September 3, 2019, the claim of Bobs LLC ("Clamant") is not less than $9,750,500.00, which amount is composed of the following:

     a)       Principal of not less than $8,000,000.00; plus

     b)       Unpaid interest of not less than $1,584,000.00; plus

     c)       Late charges of not less than $152,000.00; plus

     d)       Appraiser fees and costs $14,500.00; plus

     e)       Attorneys' fees and costs in amounts according to proof (excluding attorneys' fees and costs related to withdrawn motions for relief from stay, Dkts. 687 and 778); plus

     f)       Interest, late charges, attorneys' fees, and costs accruing after September 3, 2019, in an amount according to proof; plus

     g)       Damages, including actual and exemplary damages, in amounts according to proof against Dana Hollister ("Debtor") arising from Debtor's intentional misrepresentations, and/or concealment of material facts known to the Debtor, made by Debtor to Claimant and/or assignor of Claimant and assigned to Claimant, with the intention to deceive Claimant and to induce Claimant into making multi-million dollar loans to the Debtor.

## EXHIBITS

**Exhibit 1 -**    Note Secured by Deed of Trust dated November 11, 2014 ("Note")

**Exhibit 2 -**    Deed of Trust recorded on December 5, 2014, in Official Records Recorder's Office, Los Angeles County, California, instrument number 20141313972, granting Claimant lien on real property located at 1923 Micheltorena Street, Los Angeles, CA 90039 ("Paramour Deed of Trust")

**Exhibit 3 -**    Loan Modification Agreement ("Mod 1"), entered into between Claimant and Debtor, executed by Debtor on July 23, 2015, and recorded on July 30, 2015, in Official Records Recorder's Office, Los Angeles County, California, instrument number 20150928965

**Exhibit 4 -**    Payment Guaranty executed by Debtor on July 23, 2015, containing representations and warranties ("Guaranty 1")

**Exhibit 5 -**    Loan Modification Agreement ("Mod 2"), entered into between Claimant and Debtor, executed by Debtor on October 1, 2015, and recorded on October 6, 2016, in Official Records Recorder's Office, Los Angeles County, California, instrument number 20151235848

**Exhibit 6 -**  Payment Guaranty executed by Debtor on October 1, 2015, containing representations and warranties ("Guaranty 2")

**Exhibit 7 -**  Loan Modification Agreement ("Mod 3"), entered into between Claimant and Debtor, executed by Debtor on February 8, 2016, and recorded on February 12, 2016, in Official Records Recorder's Office, Los Angeles County, California, instrument number 20160160766

**Exhibit 8 -**  Payment Guaranty executed by Debtor on February 8, 2016, whereby Debtor guarantied the obligations of Oh Happy Day, LLC ("OHD") to Claimant, and made certain representations and warranties ("Guaranty 3")

**Exhibit 9 -**  Allonge executed by Debtor on February 8, 2016, noting certain modifications to Note ("Allonge")

**Exhibit 10 -**  Deed of Trust recorded on February 12, 2016, in Official Records Recorder's Office, Los Angeles County, California, instrument number 20160160767, granting Claimant lien on vacant land located in Los Angeles, CA 90027 (APN: 5434-012-006, 5434-012-007, and 5434-012-009) ("Roble Vista Deed of Trust")

**Exhibit 11 -**  Allonge to Note executed by Spring7 Loft, LLC ("Spring7") on November 15, 2016, endorsing to Claimant the Note, as modified by Mod 1, Mod 2, and Mod 3

**Exhibit 12 -**  Assignment of Loan Documents executed by Spring7 on November 15, 2016, and recorded on September 14, 2018

Neither the filing of this Proof of Claim, nor any subsequent appearance, pleading, claim, proof of claim, document, suit, motion, or any other writing or conduct shall be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity, estate or property; (ii) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein or therein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related thereto, notwithstanding the designation of such matters as "core" proceedings pursuant to 28 U.S.C. § 157(b)(2), and whether such right to jury trial is pursuant to statute or the United States Constitution; (iv) a consent by Claimant to a jury trial in this Court or any court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or any other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; (vii) a waiver or release of any right of setoff or recoupment that Claimant may hold against Borrower; or (ix) a waiver or release of any of Claimant's other rights, claims, actions, actions, defenses, or other matters to which Claimant is entitled under any agreements or at law or equity or under the United States Constitution.

# EXHIBIT 1

# NOTE SECURED BY A DEED OF TRUST

| Loan Number: ███████114 | Date: **11/21/2014** | Agoura Hills, California |

**1923 Micheltorena Street Los Angeles CA 90039**
Property Address

**1. BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. **$3,900,000.00** (this amount will be called "principal"), plus interest, to the order of **Spring7 Loft, LLC, as to an undivided 100.000% interest** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

**2. INTEREST**
   I will pay interest at a yearly rate as described in paragraph 3 below.
   Interest commences on **11/25/2014**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.
   Interest will be charged on unpaid principal until the full amount of principal has been paid.
   I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

**3. PAYMENTS**
   My payments are  ☒ Interest Only  ☐ Fully Amortized  ☐ Other
   I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 11 | Monthly beginning January 1, 2015 | 12.00% | $39,000.00 |
| 1 | December 1, 2015 | 12.00% | $3,939,000.00 |

   I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **12/01/2015** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.
   (Note: Lender agrees to offer an extension of the balloon payment due under this note by 12 months if so requested by borrower if (and only if) borrower meets the following provisions (1) every installment of real estate taxes is paid on or before its due date: (2) every premium for the fire/hazard insurance policy is paid on or before its due date: and (3) there were no delinquencies under the terms of the note or trust deed. Borrower understands that the Lender will charge a fee of 1% of the principal balance)

   I will make my payments payable to Spring 7 Loft, LLC at 600 S. Spring Street, Unit Office, Los Angeles CA 90014, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**
   **(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$3,900.00**, whichever is more. I will pay this late charge only once on any late payment.
   In the event a balloon payment is delinquent more than **10** days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.
   **(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
   **(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I

Applied Business Software, Inc. (800) 833-3343
Note Secured by Deed of Trust

ODL-112114/Hollister
Page 1 of 3

**0072**

agree to pay a prepayment penalty computed as follows: **You will have to pay a prepayment penalty if the loan is paid off or refinanced in the first .5 year(s) as follows: If Borrower elects to repay the Loan or any part thereof on or prior to June 1, 2015, Borrower shall make an additional payment to Lender equal to the interest which would have accrued on the original principal amount of this Loan, between the date of the pay-off and June 1, 2015, such that Lender shall have received a guaranteed six (6) months of interest on the Loan. Prepayment penalty is waived after the first six (6) months of the loans term. Borrower has the right to repay the Loan or any part thereof prior to June 1, 2015, all pre-paid interest shall be deemed to be earned as of the date of the Loan and shall not be refundable to Borrower, it being the intent of the parties that Lender shall have been paid a guaranteed six (6) months interest.**

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

Borrower  Dana Hollister                    Date 12/2/14            Borrower                              Date

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:

all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

_____          _____

_____          _____

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

Case 2:18-bk-12429-NB    Claim 33    Filed 09/04/19    Desc Main Document    Page 10 of
74

# EXHIBIT 2



**This page is part of your document - DO NOT DISCARD**



# 20141313972



Pages:
0007

**Recorded/Filed in Official Records**
Recorder's Office, Los Angeles County,
California

**12/05/14 AT 08:00AM**

| | |
|---|---|
| FEES: | 58.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 58.00 |



**L E A D S H E E T**



201412050160026

00009917593

006529500

**SEQ:**
**15**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

t60

Recording Requested By

FIRST AMERICAN TITLE COMPANY LOS ANGELES

**When Recorded Mail To**
Spring 7 Loft, LLC
600 S. Spring St. Unit Office
Los Angeles, CA 90014

Title Order No. 4773167

12/05/2014

*20141313972*

---

Space above this line for recorder's use

# DEED OF TRUST

Loan No. ▮▮▮2114

This Deed of Trust, made this **25th** day of **November 2014**, among the Trustor, **Dana Hollister, a single woman** (herein "Borrower"), **Spring 7 Loft, LLC** (herein "Trustee"), and the Beneficiary, **Spring7 Loft, LLLC, as to an undivided 100.000% interest** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Los Angeles**, State of California: **Parcel 1:**
**Lot "A" of Tract No. 7606, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 92, Page 62, of Maps, in the Office of the County Recorder of said County.**

**Parcel 2:**
**Lots 85, 86 and 96 of "Crestmont", in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 9, Page 104, of Maps, in the Office of the County Recorder of said County.**

**APN: 5429-030-021, 5429-030-010, which has the address of 1923 Micheltorena Street Los Angeles CA 90039** (herein "Property Address"); APN: 5429-030-021 & 5429-030-010

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **11/21/2014**, in the principal sum of U.S. **$3,900,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

ODL-112114/Hollister
Page 1 of 6

*3*

**UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:**

   **1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

   **2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

   If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

   If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

   Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

   **3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

   **4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

   **5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

   The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

   In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

   If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

   If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

**0078**

4

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), , or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

ODL-11211.4-Hollister
Page 3 of 6

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder or any other loan document relating to the indebtedness secured hereby, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

6

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Borrower   Dana Hollister                12/2/14        Borrower                               Date
                                          Date

State of California

County of __Los Angeles__

On __12/2/2014__ _____ before me, __Scott Hacker, Notary Public__

personally appeared __Dana Hollister__ _____

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(Seal)

SCOTT HACKER
Commission # 1921408
Notary Public - California
Los Angeles County
My Comm. Expires Jan 10, 2015

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____  _____    _____  _____
Signature of Beneficiary (the "LENDER")          Date       Signature of Beneficiary (the "LENDER")          Date

When recorded, mail to

Att: _____

0082

# EXHIBIT 3



This page is part of your document - DO NOT DISCARD



# 20150928965



Pages:
0006

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

07/30/15 AT 08:00AM

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 30.00 |



LEADSHEET



201507300230012

00010936200



006993268

SEQ:
17

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

T60



RECORDING REQUESTED BY:
Farcas

WHEN RECORDED MAIL TO:

Spring7 Loft, LLC
600 S. Spring St Unit Office
Los Angeles, CA 90014


07/30/2015
*20150928965*

4773167

Loan Number: ▓▓▓▓▓114

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement (the "Agreement"), made and effective this **22nd** day of **July, 2015**, between **Spring7 Loft, LLC, as to an undivided 100.000% interest ("Lender")** and **Dana Hollister, a single woman ("Borrower")**, modifies and amends certain terms of Borrower's indebtedness evidenced by (1) the Note (the "Note") to Lender dated the **11/21/2014**, in the original principal sum of U.S. **$3,900,000.00** and secured by (2) a Deed of Trust (the "Security Instrument") dated the same date as the Note and recorded on **12/05/2014** as **Istrument No. 20141313972** in the office of the recorder of **Los Angeles, California**. The Security Instrument covers the real property described in the Security Instrument and defined as the "Property", located at: **1923 Micheltorena Street, Los Angeles, CA 90039** [Property Address]

the real property described being set forth as follows:

**Parcel 1:**
Lot "A" of Tract No. 7606, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 92, Page 62, of Maps, in the Office of the County Recorder of said County.

**Parcel 2:**
Lots 85, 86 and 96 of "Crestmont", in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 9, Page 104, of Maps, in the Office of the County Recorder of said County.

APN: 5429-030-021, 5429-030-010

In consideration of the mutual promises and agreements exchanged, Lender and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. <u>Advance on Existing Note</u>. An advance of $1,000,000.00 is being added to the existing note, increasing the principal balance payable under the Note and the Security Instrument (the "Unpaid Principal Balance") $4,900,000.00.



17

2.  Monthly Payments and Maturity Date. Borrower promises to make monthly payments of interest only in the amount of $49,000.00 on the 1st day of each month. The first installment due after the modification will be an odd payment consiting of the interest on the advance of $1,000,000.00 form the date of the advance, and the regular accrued interest due on the original loan balance of $3,900,000.00, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on December 1, 2015, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification Agreement, the Borrower will pay these amounts in full on the Maturity Date.

3.  Place of Payment. Borrower must make the monthly payments payable to Spring7 Loft, LLC at at 600 S. Spring St Unit Office, Los Angeles, California 90014 or such other place as Lender may require.

4.  Partial Payments. Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

5.  Borrower shall pay a **Broker Fee of 3% of the principal balance or $30,000.00** to the lender, and a **Document Prep Fee to Superior Loan Servicing in the amount of $200.00.** All such costs, expenses and fees shall be paid in full as a condition precedent to the effectiveness of this Agreement

6.  Borrower understands and agrees that:

(a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)  All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.



(d)  All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender. At Lender's option Borrower shall provide Lender at Borrower's expense a 110.5 endorsement to its title insurance policy assuring Lender that nothing contained herein shall affect or impair the lien of the Deed of Trust or its priority.

(e)  Borrower shall pay all brokerage commissions in consideration for the loan modification. All such costs, expenses and fees shall be paid in full as a condition precedent to the effectiveness of this Agreement.

(f)  Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6.  As a material inducement to Lender to enter into this Agreement, Borrower hereby ratifies, reaffirms and agrees that (i) the Loan Documents, as modified herein, represent valid, enforceable and collectible obligations of Borrower, and that there are no existing claims, defenses, personal or otherwise, or rights of set off with respect to any of these Loan Documents, (ii) the liens, security interests, assignments and rights created by the Loan Documents, as modified herein, are valid, enforceable and existing liens, security

Note: Lender agrees to offer an extension of the balloon payment due under this note by 12 months if so requested by borrower (if and only if) borrower meets the following provisions (1) every installment of real estate taxes is paid on or before its due date: (2) every premium for the fire/hazard insurance policy is paid on or before its due date: and (3) there were no delinquencies under the terms of the note or trust deed. Borrower understands that the Lender will charge a fee of 1% of the principal balance)

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS LOAN MODIFICATION AGREEMENT.

Spring7 Loft, LLC

Borrower: Dana Hollister          7/23/15          Lender: Spring7 Loft, LLC
                                    Date              By: Yaniv Abiser, manager



SEE ATTACHED CERTIFICATE

5

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or validity
of that document.

STATE OF California
COUNTY OF Los Angeles

On _July 23rd 2015_ before me _Ravinder Bhalla, Notary Public_____, Personally appeared
_Dana Hollister_____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Officer

RAVINDER BHALLA
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2035366
LOS ANGELES COUNTY
My Comm. Exp. August 28, 2017

(Seal)





## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )
County of Los Angeles        )

On July 29, 2015 before me, N. Fainberg, Notary Public
        Date                              Here Insert Name and Title of the Officer

personally appeared Yaniv Abiner
                            Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                    Signature of Notary Public

> **N. FAINBERG**
> COMM. #2082797
> Notary Public - California
> Los Angeles County
> My Comm. Expires Sep. 22, 2018

Place Notary Seal Above

---

### OPTIONAL

Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____   Document Date: _____
Number of Pages: _____   Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee           ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee           ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# EXHIBIT 4

## Payment Guaranty

Loan No: ████████114

THIS PAYMENT GUARANTY ("Guaranty") is made on **7/23/2015**, by:


(Individually and collectively referred to as "Guarantor") for the benefit of:

**Spring7 Loft, LLC, as to an undivided 100.000% interest**


(hereinafter "Lender"), and is made with reference to the following facts:

A.  Lender proposes to lend to: **Dana Hollister, a single woman**


(hereinafter "Borrower"), the principal sum of **$4,900,000.00** (the "Loan").

B.  The Loan will be evidenced by a Promissory Note (the "Note") dated **11/21/2014**, and shall be secured by a Deed of Trust with Assignment of Rents (the "Deed of Trust") encumbering Borrower's interest in the real property described therein (the "Property").

C.  lender is unwilling to make the Loan based solely on the security offered by Borrower and Borrower's own creditworthiness, unless individuals with creditworthiness comparable to that of Guarantor guaranty the Loan in accordance with the terms and conditions set forth below.

D.  Guarantor has agreed to execute this Guaranty in order to guarantee to lender repayment of the Loan pursuant to the terms of the Note and each Guarantor acknowledges that he or she is undertaking an independent obligation separate from that of Borrower to repay the Loan as provided below.

NOW, THEREFORE, in consideration of Lender's making the Loan and for other good and valuable consideration, Guarantor jointly, severally and unconditionally guarantees and agrees as follows:

1.  **Guaranty.** Guarantor unconditionally guarantees and promises to pay to lender or order, on demand, in lawful money of the United States, all amounts due Under the Note (together with interest thereon and any and all other amounts which may become due pursuant to all the terms and conditions of the Note), and any amount advanced, disbursed, or Which may become due pursuant to the Deed of Trust.



Page 1 of 5

**0091**

Guarantor agrees and acknowledges that this Guaranty is a guaranty of payment and performance and not of collection. Guarantor's obligations under this Guaranty are irrevocable so long as any portion of the Loan remains unpaid.

2. **Independent Obligation.** Guarantor agrees that this Guaranty is separate, independent of and In addition to the obligations and undertakings of Borrower pursuant to the Note and Deed of Trust. Guarantor further agrees that a separate action or actions may be brought and prosecuted against Guarantor hereon whether or not action is brought against Borrower or whether or not borrower be joined in any such action or actions and independent of any action at law or proceeding under the power of sale provision in the Deed of Trust. Guarantor waives the benefit of any statute of limitations affecting the liability of Guarantor hereunder or the enforcement hereof, and agrees that any repayment of the loan or any part thereof or other act which shall toll any statute of limitations applicable thereto shall similarly operate to toll such statute of limitations applicable to Guarantor's liability hereunder.

3. **Authority of lender.** Guarantor authorizes lender, without notice or demand and without affecting the liability of Guarantor hereunder, from time to time to:

(a) Renew, extend, accelerate or otherwise change the terms of the Loan as set forth in the Note, or otherwise change the rate of interest thereon; or

(b) Release or substitute anyone or more of the endorsers of the Note or anyone or more Guarantor. Lender, without notice, may assign this Guaranty in whole or in part.

4. **Waivers.**

(a) Guarantor waives all right to require Lender to:

(1) Proceed against Borrower;

(2) Proceed against or exhaust any security held from Borrower; or

(3) Pursue any other remedy in lender's power.

Guarantor waives all defenses arising by reason of any disability or other defense of Borrower, including, Without limitation, all defenses" if any, arising from the filing of a petition in bankruptcy by or against Borrower, or by reason of the cessation of the liability of any Borrower from any cause other than full repayment of the loan. Guarantor waives all defenses which may be acquired by reason of Lender's election of any remedy against Guarantor or Borrower or both, including, but without limitation, an election by Lender to exercise its rights under the power of sale set forth in the Deed of Trust and the consequent loss by Guarantor of the right to recover any deficiency from Borrower. Without limiting the generality of the foregoing Guarantor expressly waives any and all benefits under California Civil Code Sections 2809, 2810, 2819, 2839, 2845, 2847, 2848,2849, 2850,2855, 2899 and 3433 and California Code of Civil Procedure Sections

Page 2 of 5

0092

580a, 580b, 580d and 726. Until the Loan shall have been repaid in full, Guarantor shall have no right of subrogation, and waives all right to enforce any remedy; which Lender now has or may hereafter have against Borrower, and waives all benefit of and all right to participate In any security now or hereafter held by Lender. Guarantor waives all presentments, demands for performance, notice of nonperformance, protests, and notices of protest, notices of dishonor, and notices of acceptance of this Guaranty.

(b)    In addition, Guarantor waives any duty on the part of Lender to disclose to Guarantor any facts It may now or hereafter know about Borrower, regardless of whether Lender:

(1) Has reason to believe that any such facts materially increase the risk beyond that which Guarantor intends to assume; or

(2) Has reason to believe that such facts are unknown to Guarantor; or

(3) Has a reasonable opportunity to communicate such facts to Guarantor;

it being understood and agreed that Guarantor is fully responsible for being and keeping informed of the financial condition of Borrower and of all circumstances bearing on the risk of nonpayment of any indebtedness hereby guaranteed,

5.    **Subordination.**  All Indebtedness of Borrower now or hereafter held by Guarantor Is subordinated to the Loan, :and all indebtedness of Borrower to Guarantor, If Lender so requests, shall be collected, enforced and received by Guarantor as trustee for Lender and shall be paid over to Lender on account of the Loan but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty; provided, however, that so long as no default by Borrower shall occur under the Loan, any indebtedness of Borrower to Guarantor, incurred in the ordinary course of business which will not in the Judgment of Lender cause a default of Borrower's obligations under the Note, or unreasonably impair Borrower's ability to repay the Note, may be repaid in accordance with the terms of such Indebtedness.

6.    **Attorneys' Fees.** Guarantor agrees to pay attorneys' fees and all other costs and expenses which may be incurred by Lender in the enforcement of this Guaranty and in the repayment of the Loan guaranteed hereunder.

7.    **Warranties.** Guarantor warrants that:

(a)    Any financial statements of Guarantor previously furnished to Lender to induce Lender to make the Loan are correct. Guarantor has title to all assets shown in such statements and there has been no material adverse change in the financial condition of Guarantor since the date of the last statement furnished.

(b)    There are no actions, suits or proceedings pending, or, so far as Guarantor is aware, threatened against Guarantor which might result in any material adverse change in the financial condition of Guarantor.

Page 3 of 5

(c) Neither the execution nor delivery of this Guaranty nor compliance with the terms hereof will conflict with or result in the breach of any law or statute, will constitute a breach or default under any agreement or Instrument to which Guarantor may be a party, or will result in the creation or Imposition of any charge or lien upon any property or assets of Guarantor.

8. **Remedies.** If Guarantor shall fail to perform or otherwise breach any of its obligations hereunder, In addition to all other rights and remedies Lender may have at law or in equity, Lender may, from time to time and without first requiring performance on the part of Borrower, and without being required to exhaust or proceed against any or all security held by Lender, look to and require performance by Guarantor of any obligation on the part of Guarantor to be performed pursuant to the terms of this Guaranty by action at law or In equity or both. Lender may also collect from Guarantor in any such action compensation for and Guarantor hereby indemnifies and holds Lender harmless from, all loss, cost, damage, Injury and expense, including reasonable attorney fees sustained or incurred by Lender proximately caused by or resulting from Guarantor's breach of or failure to perform any of its obligations under this Agreement.

9. **Does Not Supersede Other Guaranties.** The obligations of each Guarantor hereunder shall be separate and in addition to the obligations of each other Guarantor hereunder, and this Guaranty shall not affect or invalidate any such other guaranties.

    The liability of Guarantor to Lender shall at all times be deemed to be the aggregate liability of Guarantor under the term of this Guaranty and of any other guaranties previously or hereafter given by Guarantor and not expressly revoked, modified .or invalidated.

10. **No Waiver.** No failure by Lender to pursue any remedy hereunder, under the Deed of Trust or under any other document relating to the Loan shall constitute a waiver on the part of Lender of its right to pursue such remedy on the basis of the same or a subsequent breach. No extension, modification, amendment or renewal of the Note, the Deed of Trust or any other security instrument securing the Loan, shall serve to waive in whole or in part the provisions hereof for discharge Guarantor from any of its obligations set forth herein, except to the extent expressly acknowledged by Lender In writing, and any such action may be taken by Lender with or without the consent of Guarantor.

11. **Miscellaneous.**

    a. All married persons who sign this Guaranty hereby expressly agree that recourse may be had against his or her separate property for all obligations under this Guaranty.

    b. In all cases where there is more than lone Borrower named herein, or when this Guaranty Is executed by more than one Guarantor, the word "Borrower" and the word "Guarantor," respectively, shall mean all and anyone or more of them.



Page 4 of 5

c. This Guaranty shall be construed in accordance with the laws of the State of California.

d. The obligations and promises set forth herein shall be the Joint and several undertakings of each of the persons executing this Guaranty Guarantor, and Lender may proceed hereunder against anyone or more of said persons without waiving the right to proceed against any of the others.

e. Time is of the essence hereof.

f. In the event that any provision of this guaranty shall be held to be invalid, the same shall not affect the validity of the remainder of this Guaranty.

g. No amendment, modification, termination or waiver of any provision of this Guaranty shall be effective for any purpose whatsoever, unless such amendment, modification, termination or waiver is in writing and signed by Lender.

h. The article and section headings in this Agreement are for assistance in identification only and are not to be considered part of the substance of the provisions of this Agreement.

IN WITNESS WHEREOF, each undersigned Guarantor: has executed this Guaranty as of the date first set forth above.

Dana Hollister                              7/23/15
                                            Date

# EXHIBIT 5

**This page is part of your document - DO NOT DISCARD**





## 20151235848



Pages:
0006

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**10/06/15 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 30.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 30.00 |



**LEADSHEET**



201510060210008

00011221488



007150987

**SEQ:
02**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

T60

RECORDING REQUESTED BY:
FATCOLA
WHEN RECORDED MAIL TO:

Spring7 Loft, LLC
600 S. Spring St Unit Office
Los Angeles, CA 90014



10/06/2015
*20151235848*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

4773167

Loan Number: ████ 2114

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement (the "Agreement"), made and effective this 1st day of October, 2015, between Spring7 Loft, LLC, as to an undivided 100.000% interest ("Lender") and Dana Hollister, a single woman ("Borrower"), modifies and amends certain terms of Borrower's indebtedness evidenced by (1) the Note (the "Note") to Lender dated the 11/21/2014, in the original principal sum of U.S. $3,900,000.00 and secured by (2) a Deed of Trust (the "Security Instrument") dated the same date as the Note and recorded on 12/05/2014 as Istrument No. 20141313972 in the office of the recorder of Los Angeles, California. (3) a Loan Modification Agreement dated 7/22/2015 and recorded on 7/30/2015 as Instrument No. 2015-0928965 increasing the principal balance to $4,900,000.00. The Security Instrument covers the real property described in the Security Instrument and defined as the "Property", located at: 1923 Micheltorena Street, Los Angeles, CA 90039 [Property Address]

the real property described being set forth as follows:

Parcel 1:
Lot "A" of Tract No. 7606, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 92, Page 62, of Maps, in the Office of the County Recorder of said County.

Parcel 2:
Lots 85, 86 and 96 of "Crestmont", in the City of Los Angeles, County of Los Angeles, State of California,
as per map recorded in Book 9, Page 104, of Maps, in the Office of the County Recorder of said County.

APN: 5429-030-021, 5429-030-010

In consideration of the mutual promises and agreements exchanged, Lender and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

I.  Advance on Existing Note. An advance of $1,000,000.00 is being added to the existing note, increasing the principal balance payable under the Note and the Security Instrument (the "Unpaid Principal Balance") $5,900,000.00.



2

*3*

2.   Monthly Payments and Maturity Date. Borrower promises to make monthly payments of interest only in the amount of $59,000.00 on the 1st day of each month. The first installment due after the modification will be an odd payment consiting of the interest on the advance of $1,000,000.00 form the date of the advance, and the regular accrued interest due on the modified loan balance of $4,900,000.00, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on December 1, 2015, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification Agreement, the Borrower will pay these amounts in full on the Maturity Date.

3.   Place of Payment. Borrower must make the monthly payments payable to Spring7 Loft, LLC at at 600 S. Spring St Unit Office, Los Angeles, California 90014 or such other place as Lender may require.

4.   Partial Payments. Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

5.   **Borrower shall pay a Broker Fee of 3% of the principal balance or $30,000.00 to the Open Door Lending, and a Document Prep Fee to Superior Loan Servicing in the amount of $200.00.** All such costs, expenses and fees shall be paid in full as a condition precedent to the effectiveness of this Agreement

6.   Borrower understands and agrees that:

(a)   All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)   All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)   Nothing in this Agreement shall be understood or construed to be a satisfaction or release



in whole or in part of the Note and Security Instrument.

(d)   All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender. At Lender's option Borrower shall provide Lender at Borrower's expense a 110.5 endorsement to its title insurance policy assuring Lender that nothing contained herein shall affect or impair the lien of the Deed of Trust or its priority.

(e)   Borrower shall pay all brokerage commissions to Open Door Lending in consideration for the loan modification. All such costs, expenses and fees shall be paid in full as a condition precedent to the effectiveness of this Agreement.

(f)   Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6.   As a material inducement to Lender to enter into this Agreement, Borrower hereby ratifies, reaffirms and agrees that (i) the Loan Documents, as modified herein, represent valid, enforceable and collectible obligations of Borrower, and that there are no existing claims, defenses, personal or otherwise, or rights of set off with respect to any of these Loan Documents, (ii) the liens, security interests, assignments and rights created by the Loan Documents, as modified herein, are valid, enforceable and existing liens, security

Note: Lender agrees to offer an extension of the balloon payment due under this note by 12 months if so requested by borrower (if and only if) borrower meets the following provisions (1) every installment of real estate taxes is paid on or before its due date: (2) every premium for the fire/hazard insurance policy is paid on or before its due date: and (3) there were no delinquencies under the terms of the note or trust deed. Borrower understands that the Lender will charge a fee of 1% of the principal balance)

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS LOAN MODIFICATION AGREEMENT.

Borrower: Dana Hollister                    Date          Lender: Spring7 Loft, LLC
                                                          Yaniv Abiner, General Manager

$\mathcal{S}$

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or validity
of that document.

STATE OF California
COUNTY OF Los Angeles

On  10/01/2015  before me Brian Emory Notary Public , Personally appeared
Dana Hollister , who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Officer                                          (Seal)

6

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT   CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On **October 2, 2015** before me, **Ruben Avitia, Notary Public**, personally appeared
**Yaniv Abiner**
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true
and correct.

WITNESS my hand and official seal.

RUBEN AVITIA
COMM. # 1981280
NOTARY PUBLIC·CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. June 25, 2016

Signature _____
**Ruben Avitia, Notary Public**

### OPTIONAL

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and
reattachment of this form to another document.

Description of Attached Document
Title or Type of Document: **Loan Modification Agreement**

Document Date: **10/1/15**   Number of Pages: **Three**

Signer(s) Other Than Named Above: **Dana Hollister**

Capacity(ies) Claimed by Signer
Signer's Name: **Yaniv Abiner**

☐ Individual
☒ Corporate Officer – Title(s): **General Manager**
☐ Partner – Limited General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other:

RIGHT
THUMBPRINT OF

Signer Is Representing: **Spring 7 Loft, LLC**

A1 Live Scan & Notary Services  •  553 South Olive Street, Los Angeles, CA 90013
Tel: 213-489-4559 • Fax: 213-489-4840 • E-Mail: a1livescan@pacbell.net • Website: www.a1livescan.com

# EXHIBIT 6

# Payment Guaranty

Loan No: ██████2114

THIS PAYMENT GUARANTY ("Guaranty") is made on **10/1/2015**, by:

**Dana Hollister**

(Individually and collectively referred to as "Guarantor") for the benefit of:

**Spring7 Loft, LLC, as to an undivided 100.000% interest**

(hereinafter "Lender"), and is made with reference to the following facts:

A.  Lender proposes to lend to: **Dana Hollister, a single woman**

   (hereinafter "Borrower"), the principal sum of **$5,900,000.00** (the "Loan").

B.  The Loan will be evidenced by a Promissory Note (the "Note") dated **11/21/2014**, and shall be secured by a Deed of Trust with Assignment of Rents (the "Deed of Trust"), and all subsequent modifications and encumbering Borrower's interest in the real property described therein (the "Property").

C.  lender is unwilling to make the Loan based solely on the security offered by Borrower and Borrower's own creditworthiness, unless individuals with creditworthiness comparable to that of Guarantor guaranty the Loan in accordance with the terms and conditions set forth below.

D.  Guarantor has agreed to execute this Guaranty in order to guarantee to lender repayment of the Loan pursuant to the terms of the Note and each Guarantor acknowledges that he or she is undertaking an independent obligation separate from that of Borrower to repay the Loan as provided below.

NOW, THEREFORE, in consideration of Lender's making the Loan and for other good and valuable consideration, Guarantor jointly, severally and unconditionally guarantees and agrees as follows:

1.  **Guaranty.**  Guarantor unconditionally guarantees and promises to pay to lender or order, on demand, in lawful money of the United States, all amounts due Under the Note (together with interest thereon and any and all other amounts which may become due pursuant to all the terms and conditions of the Note), and any amount advanced, disbursed, or Which may become due pursuant to the Deed of Trust.



Page 1 of 5

Guarantor agrees and acknowledges that this Guaranty is a guaranty of payment and performance and not of collection. Guarantor's obligations under this Guaranty are irrevocable so long as any portion of the Loan remains unpaid.

2.    **Independent Obligation.** Guarantor agrees that this Guaranty is separate, independent of and In addition to the obligations and undertakings of Borrower pursuant to the Note and Deed of Trust. Guarantor further agrees that a separate action or actions may be brought and prosecuted against Guarantor hereon whether or not action is brought against Borrower or whether or not borrower be joined in any such action or actions and independent of any action at law or proceeding under the power of sale provision in the Deed of Trust. Guarantor waives the benefit of any statute of limitations affecting the liability of Guarantor hereunder or the enforcement hereof, and agrees that any repayment of the loan or any part thereof or other act which shall toll any statute of limitations applicable thereto shall similarly operate to toll such statute of limitations applicable to Guarantor's liability hereunder.

3.    **Authority of lender.** Guarantor authorizes lender, without notice or demand and without affecting the liability of Guarantor hereunder, from time to time to:

(a) Renew, extend, accelerate or otherwise change the terms of the Loan as set forth in the Note, or otherwise change the rate of interest thereon; or

(b) Release or substitute anyone or more of the endorsers of the Note or anyone or more Guarantor. Lender, without notice, may assign this Guaranty in whole or in part.

4. **Waivers.**

(a) Guarantor waives all right to require Lender to:

(1) Proceed against Borrower;

(2) Proceed against or exhaust any security held from Borrower; or

(3) Pursue any other remedy in lender's power.

Guarantor waives all defenses arising by reason of any disability or other defense of Borrower, including, Without limitation, all defenses" if any, arising from the filing of a petition in bankruptcy by or against Borrower, or by reason of the cessation of the liability of any Borrower from any cause other than full repayment of the loan. Guarantor waives all defenses which may be acquired by reason of Lender's election of any remedy against Guarantor or Borrower or both, including, but without limitation, an election by Lender to exercise its rights under the power of sale set forth in the Deed of Trust and the consequent loss by Guarantor of the right to recover any deficiency from Borrower. Without limiting the generality of the foregoing Guarantor expressly waives any and all benefits under California Civil Code Sections 2809, 2810, 2819, 2839, 2845, 2847, 2848,2849, 2850,2855, 2899 and 3433 and California Code of Civil Procedure Sections



Page 2 of 5

580a, 580b, 580d and 726. Until the Loan shall have been repaid in full, Guarantor shall have no right of subrogation, and waives all right to enforce any remedy; which Lender now has or may hereafter have against Borrower, and waives all benefit of and all right to participate In any security now or hereafter held by Lender. Guarantor waives all presentments, demands for performance, notice of nonperformance, protests, and notices of protest, notices of dishonor, and notices of acceptance of this Guaranty.

(b)  In addition, Guarantor waives any duty on the part of Lender to disclose to Guarantor any facts It may now or hereafter know about Borrower, regardless of whether Lender:

(1) Has reason to believe that any such facts materially increase the risk beyond that which Guarantor intends to assume; or

(2) Has reason to believe that such facts are unknown to Guarantor; or

(3) Has a reasonable opportunity to communicate such facts to Guarantor;

it being understood and agreed that Guarantor is fully responsible for being and keeping informed of the financial condition of Borrower and of all circumstances bearing on the risk of nonpayment of any indebtedness hereby guaranteed,

5.  **Subordination.**  All Indebtedness of Borrower now or hereafter held by Guarantor Is subordinated to the Loan, :and all indebtedness of Borrower to Guarantor, If Lender so requests, shall be collected, enforced and received by Guarantor as trustee for Lender and shall be paid over to Lender on account of the Loan but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty; provided, however, that so long as no default by Borrower shall occur under the Loan, any indebtedness of Borrower to Guarantor, incurred in the ordinary course of business which will not in the Judgment of Lender cause a default of Borrower's obligations under the Note, or unreasonably impair Borrower's ability to repay the Note, may be repaid in accordance with the terms of such Indebtedness.

6.  **Attorneys' Fees.** Guarantor agrees to pay attorneys' fees and all other costs and expenses which may be incurred by Lender in the enforcement of this Guaranty and in the repayment of the Loan guaranteed hereunder.

7.  **Warranties.** Guarantor warrants that:

(a) Any financial statements of Guarantor previously furnished to Lender to induce Lender to make the Loan are correct. Guarantor has title to all assets shown in such statements and there has been no material adverse change in the financial condition of Guarantor since the date of the last statement furnished.

(b) There are no actions, suits or proceedings pending, or, so far as Guarantor is aware, threatened against Guarantor which might result in any material adverse change in the financial condition of Guarantor.



Page 3 of 5

(c) Neither the execution nor delivery of this Guaranty nor compliance with the terms hereof will conflict with or result in the breach of any law or statute, will constitute a breach or default under any agreement or Instrument to which Guarantor may be a party, or will result in the creation or Imposition of any charge or lien upon any property or assets of Guarantor.

8.  **Remedies.** If Guarantor shall fail to perform or otherwise breach any of its obligations hereunder,  In addition to all other rights and remedies Lender may have at law or in equity, Lender may, from time to time and without first requiring performance on the part of Borrower, and without being required to exhaust or proceed against any or all security held by Lender, look to and require performance by Guarantor of any obligation on the part of Guarantor to be performed pursuant to the terms of this Guaranty by action at law or In equity or both. Lender may also collect from Guarantor in any such action compensation for and Guarantor hereby indemnifies and holds Lender harmless from, all loss, cost, damage, Injury and expense, including reasonable attorney fees sustained or incurred by Lender proximately caused by or resulting from Guarantor's breach of or failure to perform any of its obligations under this Agreement.

9.  **Does Not Supersede Other Guaranties.** The obligations of each Guarantor hereunder shall be separate and in addition to the obligations of each other Guarantor hereunder, and this Guaranty shall not affect or invalidate any such other guaranties.

    The liability of Guarantor to Lender shall at all times be deemed to be the aggregate liability of Guarantor under the term of this Guaranty and of any other guaranties previously or hereafter given by Guarantor and not expressly revoked, modified .or invalidated.

10. **No Waiver.** No failure by Lender to pursue any remedy hereunder, under the Deed of Trust or under any other document relating to the Loan shall constitute a waiver on the part of Lender of its right to pursue such remedy on the basis of the same or a subsequent breach. No extension, modification, amendment or renewal of the Note, the Deed of Trust or any other security instrument securing the Loan, shall serve to waive in whole or in part the provisions hereof for discharge Guarantor from any of its obligations set forth herein, except to the extent expressly acknowledged by Lender In writing, and any such action may be taken by Lender with or without the consent of Guarantor.

11. **Miscellaneous.**

    a.  All married persons who sign this Guaranty hereby expressly agree that recourse may be had against his or her separate property for all obligations under this Guaranty.

    b.  In all cases where there is more than lone Borrower named herein, or when this Guaranty Is executed by more than one Guarantor, the word "Borrower" and the word "Guarantor," respectively, shall mean all and anyone or more of them.



Page 4 of 5

   c.  This Guaranty shall be construed in accordance with the laws of the State of California.

   d.  The obligations and promises set forth herein shall be the Joint and several undertakings of each of the persons executing this Guaranty Guarantor, and Lender may proceed hereunder against anyone or more of said persons without waiving the right to proceed against any of the others.

   e.  Time is of the essence hereof.

   f.    In the event that any provision of this guaranty shall be held to be invalid, the same shall not affect the validity of the remainder of this Guaranty.

   g.   No amendment, modification, termination or waiver of any provision of this Guaranty shall be effective for any purpose whatsoever, unless such amendment, modification, termination or waiver is in writing and signed by Lender.

   h.   The article and section headings in this Agreement are for assistance in identification only and are not to be considered part of the substance of the provisions of this Agreement.

IN WITNESS WHEREOF, each undersigned Guarantor: has executed this Guaranty as of the date first set forth above.

_____         Oct 1/15
Dana Hollister                                  Date

# EXHIBIT 7



This page is part of your document - DO NOT DISCARD



## 20160160766



**Pages:**
**0005**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/12/16 AT 08:00AM**

| | |
|---|---|
| FEES : | 27.00 |
| TAXES : | 0.00 |
| OTHER : | 0.00 |
| PAID : | 27.00 |



**LEADSHEET**



201602120140008

**00011711362**



007378486

**SEQ:**
**23**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T60



FIRST AMERICAN TITLE COMPANY LOS ANGELES

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

**Spring7 Loft, LLC**
**600 S. Spring St Unit Office**
**Los Angeles, CA 90014**

5061026

Loan Number: ▓▓▓114

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement (the "Agreement"), made and effective this **3rd** day of **February, 2016**, between **Spring7 Loft, LLC, as to an undivided 100.000% Interest ("Lender")** and **Dana Hollister, a single woman ("Borrower")**, modifies and amends certain terms of Borrower's indebtedness evidenced by (1) the Note (the "Note") to Lender dated the **11/21/2014**, in the original principal sum of U.S. **$3,900,000.00** and secured by (2) a Deed of Trust (the "Security Instrument") dated **11/25/2014** and recorded on **12/05/2014** as Instrument No. **20141313972** in the office of the recorder of Los Angeles, California. (3) a Loan Modification Agreement dated **7/22/2015** and recorded on **7/30/2015** as Instrument No. **2015-0928965** increasing the principal balance to **$4,900,000.00** (4) a Loan Modification Agreement dated **10/01/2015** and recorded **10/06/2015** as Instrument No. **20151235848** increasing the principal balance to **5,900,000.00**. The Security Instrument covers the real property described in the Security Instrument and defined as the "Property", located at: **1923 Micheltorena Street, Los Angeles, CA 90039** [Property Address]

the real property described being set forth as follows:

**Parcel 1:**
Lot "A" of Tract No. 7606, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 92, Page 62, of Maps, in the Office of the County Recorder of said County.

**Parcel 2:**
Lots 85, 86 and 96 of "Crestmont", in the City of Los Angeles, County of Los Angeles, State of California,
as per map recorded in Book 9, Page 104, of Maps, in the Office of the County Recorder of said County.

**APN: 5429-030-021, 5429-030-010**

In consideration of the mutual promises and agreements exchanged, Lender and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):



239

1. <u>Advance on Existing Note</u>. An advance of **$2,100,000.00** is being added to the existing note, increasing the principal balance payable under the Note and the Security Instrument (the "Unpaid Principal Balance") **$8,000,000.00.**

2. <u>Additional Collateral</u>. "Vacant Land" with APN's: 5434-012-006 and 5434-012-007 and 5434-012-009 has been added to the Note as Additional Collateral for this loan.

3. <u>Monthly Payments and Maturity Date</u>. Borrower promises to make monthly payments of interest only in the amount of **$80,000.00** on the 1st day of each month. The first installment due after the modification will be an odd payment consiting of the interest on the advance of **$2,100,000.00** form the date of the advance, and the regular accrued interest due on the **modified loan balance of $8,000,000.00**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **August 1, 2016, (the "Maturity Date")**, Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification Agreement, the Borrower will pay these amounts in full on the Maturity Date.

4. <u>Place of Payment</u>. Borrower must make the monthly payments payable to **Spring7 Loft, LLC at at 600 S. Spring St Unit Office, Los Angeles, California 90014** or such other place as Lender may require.

5. <u>Partial Payments</u>. Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

6. Borrower shall pay a **Broker Fee of $35,000.00** to the **Open Door Lending**, and a **Document Prep Fee to Superior Loan Servicing in the amount of $200.00.** All such costs, expenses and fees shall be paid in full as a condition precedent to the effectiveness of this Agreement

6. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument





shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender. At Lender's option Borrower shall provide Lender at Borrower's expense a 110.5 endorsement to its title insurance policy assuring Lender that nothing contained herein shall affect or impair the lien of the Deed of Trust or its priority.

(e)    Borrower shall pay all brokerage commissions to Open Door Lending in consideration for the loan modification. All such costs, expenses and fees shall be paid in full as a condition precedent to the effectiveness of this Agreement.

(f)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

7.    As a material inducement to Lender to enter into this Agreement, Borrower hereby ratifies, reaffirms and agrees that (i) the Loan Documents, as modified herein, represent valid, enforceable and collectible obligations of Borrower, and that there are no existing claims, defenses, personal or otherwise, or rights of set off with respect to any of these Loan Documents, (ii) the liens, security interests, assignments and rights created by the Loan Documents, as modified herein, are valid, enforceable and existing liens, security

Note: Lender agrees to offer an extension of the balloon payment due under this note by **6 months** if so requested by borrower (if and only if) borrower meets the following provisions (1) every installment of real estate taxes is paid on or before its due date; (2) every premium for the fire/hazard insurance policy is paid on or before its due date; and (3) there were no delinquencies under the terms of the note or trust deed. Borrower understands that the Lender will charge a fee of **.5% of the principal balance**)



IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS LOAN MODIFICATION AGREEMENT.

Borrower: Dana Hollister     2/8/16     Lender: Spring7 Loft, LLC
                   Date               BY: YANIV ABINER

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Los Angeles

On _FEB. 8. 2016_ before me _G.E. CLARK · NOTARY PUBLIC_, Personally appeared _DANA HOLLISTER_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Officer              (Seal)

> G. E. CLARK
> COMM. #2043264
> NOTARY PUBLIC • CALIFORNIA
> SAN BERNARDINO COUNTY
> My Comm. Expires OCT 26, 2017

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California County of _Los Angeles_
On _02/08/2016_ before me _Ruben Avitia_, notary Public, personally appeared _Yaniv Abiner_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.



> RUBEN AVITIA
> COMM. # 1981290
> NOTARY PUBLIC • CALIFORNIA
> LOS ANGELES COUNTY
> My Comm. Exp. June 25, 2016

# EXHIBIT 8

## Payment Guaranty

Loan No: ████ 2114a

THIS PAYMENT GUARANTY ("Guaranty") is made on 2/3/2016, by:

### Dana Hollister

A.  Lender proposes to lend to: **Oh Happy Day, LLC, a California Limited Liability Company**

(hereinafter "Borrower"), the principal sum of **$8,000,000.00** (the "Loan").

B.  The Loan will be evidenced by a Promissory Note (the "Note") dated **11/21/2014**, and shall be secured by a Deed of Trust with Assignment of Rents (the "Deed of Trust") encumbering Borrower's interest in the real property described therein (the "Property").

C.  lender is unwilling to make the Loan based solely on the security offered by Borrower and Borrower's own creditworthiness, unless individuals with creditworthiness comparable to that of Guarantor guaranty the Loan in accordance with the terms and conditions set forth below.

D.  Guarantor has agreed to execute this Guaranty in order to guarantee to lender repayment of the Loan pursuant to the terms of the Note and each Guarantor acknowledges that he or she is undertaking an independent obligation separate from that of Borrower to repay the Loan as provided below.

NOW, THEREFORE, in consideration of Lender's making the Loan and for other good and valuable consideration, Guarantor jointly, severally and unconditionally guarantees and agrees as follows:

1.  **Guaranty.** Guarantor unconditionally guarantees and promises to pay to lender or order, on demand, in lawful money of the United States, all amounts due Under the Note (together with interest thereon and any and all other amounts which may become due pursuant to all the terms and conditions of the Note), and any amount advanced, disbursed, or Which may become due pursuant to the Deed of Trust.

    Guarantor agrees and acknowledges that this Guaranty is a guaranty of payment and performance and not of collection. Guarantor's obligations under this Guaranty are irrevocable so long as any portion of the Loan remains unpaid.

2.  **Independent Obligation.** Guarantor agrees that this Guaranty is separate, independent of and In addition to the obligations and undertakings of Borrower pursuant to the Note and Deed of Trust. Guarantor further agrees that a separate action or actions may be brought and prosecuted against Guarantor hereon whether or not action is brought against Borrower or whether or not borrower be joined in any such action or actions and independent of any action at law or proceeding under the power of sale provision in the Deed of Trust. Guarantor waives the benefit of any statute of limitations affecting the liability of Guarantor hereunder or the enforcement hereof, and agrees that any repayment of the loan or any part thereof or other act which shall toll any statute of limitations applicable thereto shall similarly operate to toll such statute of limitations applicable to Guarantor's liability hereunder.

3.  **Authority of lender.** Guarantor authorizes lender, without notice or demand and without affecting the liability of Guarantor hereunder, from time to time to:

    (a) Renew, extend, accelerate or otherwise change the terms of the Loan as set forth in the Note, or otherwise change the rate of interest thereon; or

    (b) Release or substitute anyone or more of the endorsers of the Note or anyone or more Guarantor. Lender, without notice, may assign this Guaranty in whole or in part.

4.  **Waivers.**

(a)  Guarantor waives all right to require Lender to:

    (1) Proceed against Borrower;

    (2) Proceed against or exhaust any security held from Borrower; or

(3) Pursue any other remedy in lender's power.

Guarantor waives all defenses arising by reason of any disability or other defense of Borrower, including, Without limitation, all defenses" if any, arising from the filing of a petition in bankruptcy by or against Borrower, or by reason of the cessation of the liability of any Borrower from any cause other than full repayment of the loan. Guarantor waives all defenses which may be acquired by reason of Lender's election of any remedy against Guarantor or Borrower or both, including, but without limitation, an election by Lender to exercise its rights under the power of sale set forth in the Deed of Trust and the consequent loss by Guarantor of the right to recover any deficiency from Borrower. Without limiting the generality of the foregoing Guarantor expressly waives any and all benefits under California Civil Code Sections 2809, 2810, 2819, 2839, 2845, 2847, 2848,2849, 2850,2855, 2899 and 3433 and California Code of Civil Procedure Sections 580a, 580b, 580d and 726. Until the Loan shall have been repaid in full, Guarantor shall have no right of subrogation, and waives all right to enforce any remedy; which Lender now has or may hereafter have against Borrower, and waives all benefit of and all right to participate In any security now or hereafter held by Lender. Guarantor waives all presentments, demands for performance, notice of nonperformance, protests, and notices of protest, notices of dishonor, and notices of acceptance of this Guaranty.

(b)     In addition, Guarantor waives any duty on the part of Lender to disclose to Guarantor any facts It may now or hereafter know about Borrower, regardless of whether Lender:

(1) Has reason to believe that any such facts materially increase the risk beyond that which Guarantor intends to assume; or

(2) Has reason to believe that such facts are unknown to Guarantor; or

(3) Has a reasonable opportunity to communicate such facts to Guarantor;

it being understood and agreed that Guarantor is fully responsible for being and keeping informed of the financial condition of Borrower and of all circumstances bearing on the risk of nonpayment of any indebtedness hereby guaranteed,

5.     **Subordination.**  All Indebtedness of Borrower now or hereafter held by Guarantor Is subordinated to the Loan, :and all indebtedness of Borrower to Guarantor, If Lender so requests, shall be collected, enforced and received by Guarantor as trustee for Lender and shall be paid over to Lender on account of the Loan but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty; provided, however, that so long as no default by Borrower shall occur under the Loan, any indebtedness of Borrower to Guarantor, incurred in the ordinary course of business which will not in the Judgment of Lender cause a default of Borrower's obligations under the Note, or unreasonably impair Borrower's ability to repay the Note, may be repaid in accordance with the terms of such Indebtedness.

6.     **Attorneys' Fees.** Guarantor agrees to pay attorneys' fees and all other costs and expenses which may be incurred by Lender in the enforcement of this Guaranty and in the repayment of the Loan guaranteed hereunder.

7.     **Warranties.** Guarantor warrants that:

(a) Any financial statements of Guarantor previously furnished to Lender to induce Lender to make the Loan are correct. Guarantor has title to all assets shown in such statements and there has been no material adverse change in the financial condition of Guarantor since the date of the last statement furnished.

(b)  There are no actions, suits or proceedings pending, or, so far as Guarantor is aware, threatened against Guarantor which might result in any material adverse change in the financial condition of Guarantor.

(c)  Neither the execution nor delivery of this Guaranty nor compliance with the terms hereof will conflict with or result in the breach of any law or statute, will constitute a breach or default under any agreement or Instrument to which Guarantor may be a party, or will result in the creation or Imposition of any charge or lien upon any property or assets of Guarantor.

8. **Remedies.** If Guarantor shall fail to perform or otherwise breach any of its obligations hereunder, In addition to all other rights and remedies Lender may have at law or in equity, Lender may, from time to time and without first requiring performance on the part of Borrower, and without being required to exhaust or proceed against any or all security held by Lender, look to and require performance by Guarantor of any obligation on the part of Guarantor to be performed pursuant to the terms of this Guaranty by action at law or In equity or both. Lender may also collect from Guarantor in any such action compensation for and Guarantor hereby indemnifies and holds Lender harmless from, all loss, cost, damage, Injury and expense, including reasonable attorney fees sustained or incurred by Lender proximately caused by or resulting from Guarantor's breach of or failure to perform any of its obligations under this Agreement.

9. **Does Not Supersede Other Guaranties.** The obligations of each Guarantor hereunder shall be separate and in addition to the obligations of each other Guarantor hereunder, and this Guaranty shall not affect or invalidate any such other guaranties.

   The liability of Guarantor to Lender shall at all times be deemed to be the aggregate liability of Guarantor under the term of this Guaranty and of any other guaranties previously or hereafter given by Guarantor and not expressly revoked, modified .or invalidated.

10. **No Waiver.** No failure by Lender to pursue any remedy hereunder, under the Deed of Trust or under any other document relating to the Loan shall constitute a waiver on the part of Lender of its right to pursue such remedy on the basis of the same or a subsequent breach. No extension, modification, amendment or renewal of the Note, the Deed of Trust or any other security instrument securing the Loan, shall serve to waive in whole or in part the provisions hereof for discharge Guarantor from any of its obligations set forth herein, except to the extent expressly acknowledged by Lender In writing, and any such action may be taken by Lender with or without the consent of Guarantor.

11. **Miscellaneous.**

   a. All married persons who sign this Guaranty hereby expressly agree that recourse may be had against his or her separate property for all obligations under this Guaranty.

   a. In all cases where there is more than lone Borrower named herein, or when this Guaranty Is executed by more than one Guarantor, the word "Borrower" and the word "Guarantor," respectively, shall mean all and anyone or more of them.

   b. This Guaranty shall be construed in accordance with the laws of the State of California.

   c. The obligations and promises set forth herein shall be the Joint and several undertakings of each of the persons executing this Guaranty Guarantor, and Lender may proceed hereunder against anyone or more of said persons without waiving the right to proceed against any of the others.

   d. Time is of the essence hereof.

   e. In the event that any provision of this guaranty shall be held to be invalid, the same shall not affect the validity of the remainder of this Guaranty.

   f. No amendment, modification, termination or waiver of any provision of this Guaranty shall be effective for any purpose whatsoever, unless such amendment, modification, termination or waiver is in writing and signed by Lender.

   g. The article and section headings in this Agreement are for assistance in identification   only and are not to be considered part of the substance of the provisions of this Agreement.

IN WITNESS WHEREOF, each undersigned Guarantor: has executed this Guaranty as of the date first set forth above.

BORROWER:

_____    2/8/16    _____
Borrower    Dana Hollister    Date    Borrower    Date

# EXHIBIT 9

00120

# ALLONGE

This allonge is attached to the Promissory Note dated 11/21/2014 (the *"Note"*) in the principal amount of $3,900,000.00, made by Dana Hollister, a single woman and payable to Spring7 Loft, LLC, as to an undivided 100.000% interest.

Please Note the following Note Modifications:

1 – The Security Instrument covers the additional real property "Vacant Land" consisting of APN: 5434-012-006 AND 5434-012-007 AND 5434-012-009

2 – The Principal Balance payable under the note is now $8,000,000.00

3 – The term of the loan has been extended to 08/01/2016, The Maturity Date.

4 – There is a prepayment penalty as follows: Prepayment Penalty is equal to three (3) months guarantee interest on the new loan amount of $8,000,000.00. Prepayment penalty is waived after the first three (3) months of the loans term.

Oh Happy Day, LLC, A California Limited Liability Company

| | |
|---|---|
| Dana Hollister, Authorized Signor | 2/8/16 |
| | Date |
| Dana Hollister | 2/8/16 |
| | Date |

00121

# EXHIBIT 10



This page is part of your document - DO NOT DISCARD

# 20160160767



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/12/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 64.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 64.00 |

Pages:
0009



L E A D S H E E T



201602120140008

00011711363



007378486

SEQ:
24

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED



T60

FIRST AMERICAN TITLE COMPANY LOS ANGELES

**Recording Requested By**

**When Recorded Mail To**
Spring7 Loft, LLC
600 S. Spring St., Unit Office
Los Angeles  CA  90014

Title Order No. 5067026


02/12/2016
*20160160767*

Space above this line for recorder's use

# DEED OF TRUST

Loan No ███████114a

This Deed of Trust, made this **3rd** day of **February 2016**, among the Trustor, **Oh Happy Day, LLC, a California Limited Liability Company** (herein "Borrower"), **Spring7 Loft, LLC** (herein "Trustee"), and the Beneficiary, **Spring7 Loft, LLC, a California Limited Liability Company as to an undivided 100.000% interest** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

**GRANT IN TRUST**
BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of  **Los Angeles**, State of California: PARCEL 1:
ALL OF LOT 15 OF TRACT NO. 9780, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 140, PAGE(S) 17, 18 AND 19 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT THEREFROM THAT PORTION OF SAID LOT 15 BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 15; THENCE SOUTH 47° 45' 23" WEST, ALONG THE SOUTHEASTERLY LINE OF SAID LOT, A DISTANT OF 58 FEET TO ANGLE POINT IN SAID SOUTH EASTERLY LINE, SAID ANGLE POINT BEING THE TRUE POINT OF BEGINNING; THENCE SOUTH 89° 30' 03" WEST
ALONG THE SOUTHERLY LINE OF SAID LOT, A DISTANCE OF 76.50 FEET, TO AN ANGLE POINT IN SAID SOUTHERLY LINE, THENCE NORTH 43° 08' 05" WEST ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 70.76 FEET TO THE MOST WESTERLY CORNER OF SAID LOT, SAID WESTERLY LINE BEING A CURVE CONCAVE NORTHWESTERLY AND HAVING A RADIUS OF 63 FEET CONTINUING THROUGH A CENTRAL ANGLE OF 04° 05' 36" AN ARC DISTANCE OF 4.50 FEET, THENCE SOUTH 66° 00' 46" EAST 133.19 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.
PARCEL 2:
ALL OF LOT 16 OF TRACT NO. 9780, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 140, PAGE(S) 17, 18 AND 19 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
PARCEL 3:
THAT PORTION OF LOT 17 OF TRACT NUMBER 9780, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 140 PAGE(S) 17 TO 19 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING SOUTHEASTERLY OF A LINE THAT EXTENDS FROM A POINT IN THE SOUTHWESTERLY LINE OF SAID LOT DISTANT NORTHWESTERLY THEREON 50.00 FEET FROM THE MOST SOUTHERLY CORNER OF SAID LOT, TO A POINT IN THE NORTHEASTERLY THEREON 50.00 FEET FROM THE MOST EASTERLY CORNER OF SAID LOT., which has the address of Vacant Land Los Angeles CA 90027 (herein "Property Address");APN: 5434-012-006 AND 5434-012-007 AND 5434-012-009

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **11/21/2014**, in the principal sum of U.S. **$8,000,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

4. **Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

11. **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance

5

or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("**Agent**"), **Spring7 Loft, LLC, 600 S. Spring St., Unit Office Los Angeles CA 90014** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest

at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Oh Happy Day, LLC, a California Limited Liability Company

| | | |
|---|---|---|
| Borrower    Dana Hollister, Authorized Signor | Date | |
| | 2/8/16 | |
| Borrower | Date | |

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ LOS ANGELES _____

On _FEB. 8. 2016_ before me, _G.E. CLARK · NOTARY PUBLIC_ ,
personally appeared _____ DANA HOLLISTER _____

**00128**

7

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

(Seal)



Applied Business Software, Inc. (800) 833-3343
Deed of Trust

ODL112114a/OH HAPPY DAY
Page 6 of 7

### REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____ _____ _____ _____
Signature of Beneficiary (the "LENDER")      Date      Signature of Beneficiary (the "LENDER")      Date

When recorded, mail to

Att: _____   .

9

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _LOS ANGELES_ } s.s.

On _FEB. 8, 2016_ before me, _G.E. CLARK, NOTARY PUBLIC_
<span style="font-size:smaller">Name of Notary Public, Title</span>

personally appeared _DANA HOLLISTER_
<span style="font-size:smaller">Name of Signer (1)</span>

_____
<span style="font-size:smaller">Name of Signer (2)</span>

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_G E Clark_
<span style="font-size:smaller">Signature of Notary Public</span>

G. E. CLARK
COMM. #2043264
NOTARY PUBLIC • CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires OCT 26, 2017

Seal

———————— OPTIONAL INFORMATION ————————

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____
_DEED OF TRUST_

containing _____ pages, and dated _FEB. 3. 2016_

The signer(s) capacity or authority is/are as:
☐ Individual(s)
☐ Attorney-in-fact
☐ Corporate Officer(s)
_____ Title(s)

_____

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
<span style="font-size:smaller">Name(s) of Person(s) Entities(s) Signer is Representing</span>

## Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
☒ form(s) of identification ☐ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____ Entry # _____
Notary contact: _951 202 7193_

Other
☐ Additional Signer ☐ Signer(s) Thumbprints(s)
☐ _____

© 2009-2016 Notary Learning Center - All Rights Reserved     You can purchase copies of this form from our web site at www.TheNotarysStore.com

# EXHIBIT 11

## ALLONGE

THIS ALLONGE is attached to that certain Promissory Note dated 11/21/2014 and 3 Loan Modifications for the principal sum of **Eight Million Dollars** ($8,000,000.00) executed by **SPRING 7 LOFT LLC**, a California limited liability company ("Assignor") in favor of **BOBS, LLC**, a Nevada Limited Liability Company ("Assignee").

Pay to the order of **BOBS LLC** ("Assignee") on as "as is" and "with all faults" basis and without recourse or representation or warranty of any kind express or implied.

Dated: November 15, 2016　　*Assignor:*

Spring7 Loft, LLC

By: _____

Name: *Yaniv Aviner* _____

Its: *General Manager* _____

00133

# EXHIBIT 12

**This page is part of your document - DO NOT DISCARD**



# 20180947401



**Pages:**
**0005**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/14/18 AT 03:12PM**

| | |
|---|---|
| FEES: | 56.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 206.00 |



**L E A D S H E E T**



201809141890036

00015732617



009344897

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E320330

**00135**

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

BOBS LLC
600 S. Spring St. #106
Los Angeles, CA 90014



09/14/2018

*20180947401*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

Assignment of Loan Documents

# ASSIGNMENT OF LOAN DOCUMENTS

FOR VALUE RECEIVED, the undersigned, **Spring7 Loft, LLC**, a California Limited Liability Company ("Assignor"), hereby absolutely and unconditionally transfers, conveys, and assigns to **BOBS LLC**, a Nevada Limited Liability Company ("Assignee") all of Assignor's right, title and beneficial interest in and to (i) all those Loan Documents described in Schedule 1 hereto, (ii) the Loan, and (iii) Assignor's security interests in the Deed of Trust securing the Loan executed by Dana Hollister on December 2, 2014 and recorded December 5, 2014 as Instrument No. 20141313972. In connection therewith, Assignor hereby grants, sells, transfers, conveys, and assigns to Assignee the Loan Documents.

This Assignment is made pursuant to the terms and conditions of that certain Loan Purchase Agreement between Assignor and Assignee which, among other things, provides for an assignment and transfer to Assignee on as 'AS IS" AND "WITH ALL FAULTS" basis and without recourse or representation or warranty of any kind, express or implied.

Assignor hereby covenants and agrees to execute and deliver to Assignee any and all further documents and instruments reasonably required by Assignee to effectuate and perfect the grant, sale, transfer, conveyance and assignment contained in this Assignment of Loan Documents.

This Assignment shall be binding upon and shall inure to the benefit of Assignor and Assignee and its successors and assigns. (All capitalized terms not defined herein shall have the meaning ascribed to them in the aforementioned Loan Purchase and Sale Agreement.)

Dated: November 15, 2016

*Assignor:*

Spring7 Loft, LLC

By: _____

Name: Yaniv Aviner _____

Its: General manager _____

00137

### Schedule 1 to
### Assignment of Loan Documents

Borrower:              Dana Hollister

Lender:                Spring7 Loft LLC

Property Address:      1923 Micheltorena St.
                       Los Angeles, California 90026
                       APN: 5429-030-021, 5429-030-010, 5434-012-006, 5434-
                       012-007 and 5434-012-009

Date:                  11/15/2016

---

1.  Promissory Note
2.  Deed of Trust and Assignment of Rents
3.  Payment Guaranty
4.  Loan Modifications
5.  Affidavit Regarding Business Loan Purpose
6.  Arbitration Agreement
7.  Balloon Payment Disclosures
8.  Borrower's Representations and Warranties
9.  Loan Escrow Instructions

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On _November 16_, 2016, before me, _R. Shy_____, a Notary Public, personally appeared _Yaniv Aviner_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

R. SHY
Comm. #2165300
Notary Public - California
Los Angeles County
Comm. expires Sep. 22, 2020

Signature _R. Shy_____

**00139**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Dana Hollister | **DEFENDANTS**<br>Bobs, LLC |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of David A. Tilem<br>206 North Jackson Street, Suite 201<br>Glendale, California 91206    (818) 507-6000 | **ATTORNEYS** (If Known)<br>M. Jonathan Hayes      Matthew D. Resnik<br>RESNIK HAYES MORADI LLP<br>17609 Ventura Boulevard, Suite 314<br>Encino, CA 91316    (818) 285-0100 |
|---|---|

| **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. §544

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
       actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
       (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
       if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

Declaratory relief

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Dana Hollister | BANKRUPTCY CASE NO.<br>2:18-bk-12429-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Neil W. Bason |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>August 18, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David A. Tilem | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David A. Tilem (SBN 103825)<br>LAW OFFICES OF DAVID A. TILEM<br>206 North Jackson Street, Suite 201<br>Glendale, California 91206<br>Tel: 888-257-7648 * 818-507-6000<br>Fax: 818-507-6800<br>DavidTilem@TilemLaw.com<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>DANA HOLLISTER<br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-12429-NB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
|---|---|
| DANA HOLLISTER<br><br>                    Versus                    Plaintiff(s)<br><br>BOBS, LLC<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____
> **Time:** _____
> **Courtroom:** _____
>
> **Address:**
> ☐ 255 East Temple Street, Los Angeles, CA 90012
> ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☐ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                     Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:



A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:



☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.



☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.



☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____          _____
*Date*                    *Printed Name*                                          *Signature*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.