M. Jonathan Hayes (SBN 90388)
Matthew Resnik, Esq. (SBN 182562)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd, Suite 314
Encino, California 91316
Telephone: (818) 285-0100
Facsimile: (818) 855-7013
jhayes@rhmfirm.com

Attorneys for Defendant
BOBS, LLC.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DANA HOLLISTER,<br><br>          Debtor.<br><br>―――――――――――――――<br><br>DANA HOLLISTER<br><br>          Plaintiff,<br><br>vs.<br><br>BOBS, LLC.<br><br>          Defendant. | Bankruptcy Case No. 2:18-bk-12429-NB<br><br>Adversary Case No. 2:21-ap-01173-NB<br><br>Chapter 11<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF ALLOWING CLAIM 32 AS AN UNSECURED CLAIM IN THE AMOUNT OF $1 MILLION** |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, TO PLAINTIFF DANA HOLLISTER, AND HER COUNSEL OF RECORD:**

Defendant Bobs, LLC. ("Defendant") hereby submits its Answer to the Adversary

Complaint ("Complaint"), filed by Plaintiff, Dana Hollister ("Plaintiff").

1. Answering paragraph 1 of the Complaint, Defendant admits to the allegation contained therein.

2. Answering paragraph 2 of the Complaint, Defendant admits to the allegation contained therein.

3. Answering paragraph 3 of the Complaint, Defendant admits to the allegation contained therein.

4. Answering paragraph 4 of the Complaint, Defendant admits to the allegation contained therein.

5. Answering paragraph 5 of the Complaint, Defendant admits the allegation contained therein.

6. Answering paragraph 6 of the Complaint, Defendant admits to the allegation contained therein.

7. Answering paragraph 7 of the Complaint, Defendant admits to the allegation contained therein.

8. Answering paragraph 8 of the Complaint, Defendant admits to the allegation contained therein.

9. Answering paragraph 9 of the Complaint, Defendant admits to the allegation contained therein.

10. Answering paragraph 10 of the Complaint, Defendant admits to the allegation contained therein.

11. Answering paragraph 11 of the Complaint, Defendant admits to the allegation contained therein.

12. Answering paragraph 12 of the Complaint, Defendant admits to the allegation contained therein.

13. Answering paragraph 13 of the Complaint, Defendant admits to the allegation

contained therein.

14. Answering paragraph 14 of the Complaint, Defendant admits to the allegation contained therein.

15. Answering paragraph 15 of the Complaint, Defendant contends that the allegations are so general and without definitions or specificity that Defendant is unable to admit or deny the allegations, and on that basis denies each and every allegation contained therein.

16. Answering paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, Defendant admits to the allegation contained therein.

18. Answering paragraph 18 of the Complaint, Defendant admits to the allegation contained therein.

19. Answering paragraph 19 of the Complaint, Defendant admits to the allegation contained therein.

20. Answering paragraph 20 of the Complaint, Defendant admits to the allegation contained therein.

21. Answering paragraph 21 of the Complaint, Defendant admits to the allegation contained therein.

22. Answering paragraph 22 of the Complaint, Defendant admits to the allegation contained therein.

23. Answering paragraph 23 of the Complaint, Defendant admits to the allegation contained therein.

24. Answering paragraph 24 of the Complaint, Defendant admits to the allegation contained therein.

25. Answering paragraph 25 of the Complaint, Defendant admits to the allegation contained therein except denies the characterization that the loan made was "Loan 1."

26. Answering paragraph 26 of the Complaint, Defendant contends that the allegations are so general and without definitions or specificity that Defendant is unable to admit or deny the allegations, and on that basis denies each and every allegation contained therein

27. Answering paragraph 27 of the Complaint, Defendant admits to the allegation contained therein.

28. Answering paragraph 28 of the Complaint, Defendant admits to the allegation contained therein.

29. Answering paragraph 29 of the Complaint, Defendant contends that the allegations are so general and without definitions or specificity that Defendant is unable to admit or deny the allegations, and on that basis denies each and every allegation contained therein

30. Answering paragraph 30 of the Complaint, Defendant denies that the amount owed "is now approximately $11 million." Defendants admits the sentence of paragraph 30.

31. Answering paragraph 31 of the Complaint, Defendant admits to the allegations contained therein.

32. Answering paragraph 32 of the Complaint, the allegations purport to state what is in the document referenced therein. The document speaks for itself. Defendant contends the allegations are so general and without definitions or specificity that Defendant is unable to admit or deny the allegations, and on that basis denies each and every allegation contained therein.

33. Answering paragraph 33 of the Complaint, Defendant admits to the allegation contained therein.

34. Answering paragraph 34 of the Complaint, Defendant denies the characterization that the loan is "Loan 2." Otherwise, Defendant admits to the allegation contained therein.

35. Answering paragraph 35 of the Complaint, Defendant realleges its answers to "all preceding paragraphs."

36. Answering paragraph 36 of the Complaint, Defendant contends that the allegations are so general and without definitions or specificity that Defendant is unable to admit or deny

the allegations, and on that basis denies each and every allegation contained therein.

37. Answering paragraph 37 of the Complaint, Defendant contends that the allegations are so general and without definitions or specificity that Defendant is unable to admit or deny the allegations, and on that basis denies each and every allegation contained therein

38. Answering paragraph 38 of the Complaint, Defendant contends that the allegations are so general and without definitions or specificity that Defendant is unable to admit or deny the allegations, and on that basis denies each and every allegation contained therein.

39. Answering paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40. Answering paragraph 40 of the Complaint, Defendant denies each and every the allegation contained therein.

41. Answering paragraph 41 of the Complaint, Defendant denies each and every the allegation contained therein.

42. Answering paragraph 42 of the Complaint, Defendant realleges its answers to "all preceding paragraphs."

43. Answering paragraph 43 of the Complaint, Defendant contends that the allegations are so general and without definitions or specificity that Defendant is unable to admit or deny the allegations, and on that basis denies each and every allegation contained therein.

44. Answering paragraph 44 of the Complaint, Defendant admits to the allegation contained therein.

45. Answering paragraph 45 of the Complaint, Defendant admits each and every allegation contained therein.

46. Answering paragraph 46 of the Complaint, Defendant realleges its answers to "all preceding paragraphs."

47. Answering paragraph 47 of the Complaint, Defendant admits to the allegation contained therein.

48. Answering paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49. Answering paragraph 49 of the Complaint, Defendant admits to the allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(The Complaint Fails to State a Claim upon Which Relief Can Be Granted)

As a first affirmative defense, Defendant alleges the Complaint fails to state a claim upon which relief can be granted. The untrue facts in the Complaint do not give rise to a claim under the cause of action in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

As a second affirmative defense, Plaintiff is using litigation for improper purposes and she should be estopped from bringing an action against the Defendant by virtue of the Plaintiff's own bad faith actions.

### THIRD AFFIRMATIVE DEFENSE

(Contributory or Comparative Fault of Others)

As a fourth affirmative defense, if Plaintiff sustained any damages as alleged in her Complaint (which Defendant denies), that damage was proximately caused and contributed to in whole or in part by parties, persons, and/or entities other than Defendant in the failure to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. The contributory or comparative negligence and fault of parties, persons, and/or entities other than Defendant diminishes any recovery from Defendant. As a consequence, in the event that Defendant is found liable to Plaintiff (which liability Defendant denies), an apportionment of liability should be made, whereby Defendant would be liable (if at all) only for the portion of damages corresponding to its degree of responsibility (if any).

**FOURTH AFFIRMATIVE DEFENSE**

(Contributory or Comparative Fault of PLAINTIFF)

As a fifth affirmative defense, if Plaintiff sustained any damages as alleged in her Complaint (which Defendant denies), that damage was proximately caused and contributed to in whole or in part by Plaintiff in failing to conduct herself in a manner ordinarily expected of reasonably prudent person in the conduct of her affairs and business. The contributory or comparative negligence and fault of Plaintiff diminishes any recovery from Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

As a sixth affirmative defense, Plaintiff has waived whatever claims she may have had against Defendant in connection with her Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

As a seventh affirmative defense, if Plaintiff sustained any damages as alleged in her Complaint (which Defendant denies), that damage was proximately caused and contributed to by Plaintiff in failing to mitigate her damages. Plaintiff's failure to mitigate her damages diminishes any recovery from Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Fraudulent Acts of Others)

As an eighth affirmative defense, the Complaint, and each purported cause of action thereof, is barred by the fraudulent acts of third parties.

**EIGHTH AFFIRMATIVE DEFENSE**

(Negligent Acts of Others)

As a ninth affirmative defense, the Complaint, and each purported cause of action thereof, is barred by the negligent acts of third parties.

**NINTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

As a tenth affirmative defense, the Complaint, and each purported cause of action thereof, is barred because granting the relief sought by Plaintiff would unjustly enrich Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

(Setoff)

As a fourteenth affirmative defense, the Complaint, and each purported cause of action thereof, is barred by the doctrine of Setoff.

## ELEVENTH AFFIRMATIVE DEFENSE

(Reserving the Right to Amend for Further Defenses)

As a twelfth affirmative defense, Defendant reserves the right to amend this Answer herein, including the addition of further affirmative defenses after Pleading and Discovery and Preparation for Trial.

**WHEREFORE, DEFENDANT** prays for judgment as follows:

1. That Plaintiff recover nothing by way of her Complaint or otherwise;

2. That Defendant recovers its costs of suit incurred in connection with this lawsuit;

3. That Defendant recovers its reasonable attorneys' fees incurred in connection with this lawsuit; and

4. For such other and further relief as the Court may deem just and proper.

Dated: September 19, 2021         **RESNIK HAYES MORADI LLP**

　　　　　　　　　　　　　　　　　　  /s/ M. Jonathan Hayes
　　　　　　　　　　　　　　　　　M. Jonathan Hayes
　　　　　　　　　　　　　　　　　Matthew D. Resnik,
　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　*Bobs, LLC.*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): <u>ANSWER TO COMPLAINT FOR DECLARATORY RELIEF ALLOWING CLAIM 32 AS AN UNSECURED CLAIM IN THE AMOUNT OF $1 MILLION</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>9/20/2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) <u>9/20/2021</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)</u>:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>9/20/2021</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/20/2021 | Daniel Lavian | /s/ Daniel Lavian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
- **David A Tilem     davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **M. Jonathan Haye**s    **jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com**

**2. SERVED BY UNITED STATES MAIL [CONTINUED]:**

BOBS LLC
600 S. Spring St., Unit Office
Los Angeles, CA 90014